EFiled: Sep 1 2005 10:20A
Transaction ID 6611290

# EXHIBIT

# 4

*Judge blocks CIGNA's physician settlement / 2*

*Financing deal keeps Trenwick at Lloyd's / 3*

www.businessinsurance.com

# Business Insurance

December 16, 2002

Entire contents copyright © 2002 by Crain Communications Inc. All rights reserved.

$4



# IRS, Treasury OK cash balance design

## But rules threaten other hybrid plans

By JERRY GEISEL

**WASHINGTON**—Proposed pension plan nondiscrimination rules issued jointly by the Treasury Department and Internal Revenue Service give the government's seal of approval to cash balance pension plans, but other pension hybrids may not fare so well.

The proposed rules, which fill a long regulatory vacuum on the issue, make clear that the very core of cash balance design—crediting employ-

ees' accounts with a percentage of pay and crediting the accounts with interest—does not violate federal age discrimination law.

By issuing the rules, regulators are saying that "the basic design of cash balance plans is perfectly permissible," said Scott Macey, senior vp and director of government affairs with Aon Consulting in Somerset, N.J.

"If you have designed a reasonable cash balance plan, which is what most employers have

See CASH BALANCE/page 22

---

# U.S. lawsuits challenge Equitas status, claims handling

By DAVE LENCKUS

**LONDON**—Former New York Insurance Superintendent Ed Muhl recollects the frenetic late-hour conference calls the night in September 1996 when negotiations over the creation of Lloyd's of London runoff reinsurance organization Equitas Ltd reached a critical point.



That was the night

when Mr. Muhl, who then was the primary U.S. regulator of Lloyd's, signed off on the transaction that saved the loss-burdened 300-year-old insurance market from insolvency. Under its Reconstruction and Renewal plan, Lloyd's remained solvent by fully reinsuring its pre-1993 nonlife liabilities into Equitas.

Six years later, Equitas has paid more

See EQUITAS/page 20

---

Ignorance, denial, lack of government guidance to blame

# Few employers at work on HIPAA compliance

By MICHAEL PRINCE

After months of watching and waiting, many employers have only in recent weeks turned their attention to complying with the privacy regulations contained in the federal Health Insurance Portability and Accountability Act.

"Generally, employers are either in the dark or denial" about compliance, said Lisa Murphy, a member of the Washington law firm of Miller & Chevalier.

Ms. Murphy said that only a small number of employers have moved aggressively toward compliance; many others have, until recently, taken a wait-and-see attitude.

Part of the delay stems from anticipation by many employers that the federal government would change the regulations to eliminate the need for employers to comply.

"A lot of people expected to see a significant revision to how the law would be applied," said Katherine Klug, director of HIPAA services in New York-based Buck Consultants Inc.'s Minneapolis office.

Under the regulations developed by the Department of Health and Human Services, any employer that sponsors a health plan and possesses privately identifiable health information about its employees must implement policies and procedures to protect that information and



keep it confidential. In general, the policies and procedures must be in place by April 14, 2003. Some exemptions exist, though, and small employers—those with less than $5 million in premiums, or $5 million in claims for self-insured employers—have an extra year to comply, consultants and lawyers say.

HIPAA provides for financial penalties for noncompliance, though consultants and legal experts said the government plans to help employers comply rather than penalize them at the outset.

"Virtually every employer is covered by the

See HIPAA/page 19

---

## Late News

### Lloyd's to have record $22 billion capacity

Lloyd's of London will have capacity of £14.25 billion ($22.46 billion) in 2003, the most in the market's history. Lloyd's Chief Executive Nick Prettejohn announced. In 2002, Lloyd's had capacity of £12.30 billion ($17.91 billion). "It is testimony to the unique features of a genuine and enduring marketplace. It is a new record which clearly demonstrates the Lloyd's businesses have been successful in attracting new capital," Mr. Prettejohn said.

### Appeals courts to hear WTC coverage case

The 2nd U.S. Circuit Court of Appeals has agreed to review lower court rulings on the question of whether the Sept. 11, 2001, terrorist attack on the World Trade Center was one occurrence or two. WTC leaseholder Silverstein Properties Inc. is appealing a decision that a Willis Group Holdings Ltd. policy form defines the loss as a single occurrence, along with a separate ruling denying summary judgment on whether a Travelers Property Casualty Corp. form allows the two-occurrence theory.

### Aon-Giuliani alliance takes on school risk

Aon Corp. and Giuliani Partners L.L.C. have begun the first crisis management project under a strategic alliance the two companies announced in October in the pro bono project. The companies are working with a Chicago public school to develop procedures designed to protect students and the school in the event of a terrorist attack in Chicago. The alliance's efforts at the Walt Disney Magnet School will focus on the security of the school and its students following an attack.

### Missouri sues KPMG over General American

The Missouri Insurance Department is suing KPMG L.L.P., charging that it failed to follow professional auditing standards, which contributed to the 1999 financial collapse of General American Life Insurance Co. and its mutual holding company parent. The lawsuit alleges that

See LATE NEWS/next page

---

NEWSPAPER

BI004  A004 BM128  00010 F6TH
002329700  0001 BI 0251 SEP05
KIRKPATRICK & LOCKHART
LIBRARY
75 STATE ST STE 6
BOSTON MA 02109-1807

04
0050

## International

# U.K. SUIT FOCUSES ON FILM FINANCING

*Begins on page 17*



# FINALLY, AN EXCESS CASUALTY COMPANY THAT OPERATES WITH THE BELIEF THAT NO TWO COMPANIES ARE EXACTLY ALIKE.



ANTICIPATE. THAT'S A GOOD POLICY.

Today, there are millions of businesses out there serving a million more different purposes. So when it comes to anticipating your excess casualty needs, your business deserves to be considered on its own merits. Kemper offers capacity coverage that can be combined with traditional policies. And as with anything at Kemper, you'll always have the integrity of our reputation for financial stability and strength. For more, contact your independent Kemper Insurance agent or broker, visit us at www.kemperinsurance.com or call toll free at 1-866-2KEMPER.



Kemper.
Insurance Companies
The policies that matter™

EFiled: Sep 1 2005 10:20A...
Transaction ID 6611290

# EXHIBIT

# 5



June 10, 2004

## News Release

### Kemper Receives Go-Ahead to Proceed with Run-Off Plan

FOR IMMEDIATE RELEASE

**LONG GROVE, III.** – The Illinois Department of Insurance has given the Kemper Insurance Companies permission to proceed with the run-off plan submitted on March 19, 2004. Details of the plan are confidential, pursuant to the state's risk-based capital statute. The three-year plan is designed to help Kemper meet its goal of resolving, to the maximum extent possible, all valid policyholder claims

The plan contains financial models that project positive surplus and liquidity through 2006, the last year addressed in the plan, assuming there is no further material adverse reserve development. Successfully achieving this objective will be very challenging. At this time, Kemper has little premium revenue (about $90 million estimated for 2004 and virtually none thereafter) and the investment income that is being generated is offset by expenses. If Kemper does not successfully implement its plan, current financial trends would render the company unable to meet its current policyholder obligations in the first few months of 2005.

It is through initiatives such as a policy buyback effort, under which the company "buys back" certain commercial lines policies in order to reduce its future loss exposure, and aggressive expense control measures that the company intends to successfully implement the plan. The run-off plan Kemper filed with the state projects that the company will create approximately $200 million in surplus through various initiatives and further reduce already substantially downsized expenses by another $30 million. If successful, Kemper is projected to have a nominal amount of surplus and liquidity remaining as of December 31, 2006. In view of the risks and uncertainties involved in implementing the plan, including the need to achieve significant policy buybacks, commutation of reinsurance agreements, and further agreements with regulators, no assurance can be given that the plan will be successfully implemented. The Illinois Department of Insurance will continue to closely monitor Kemper's progress in achieving the objectives of the run-off plan

Contacts:

Linda Kingman
847-320-2410
lkingman@kemperinsurance.com

EFiled: Sep 1 2005 10:20A...
Transaction ID 6611290

**SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(a)**
**OF THE RULES OF THE COURT OF CHANCERY**

The information contained herein is for the use by the court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1.    Caption of Case: **E.I. du Pont de Nemours and Company, Plaintiff, v. Lumbermens Mutual Casualty Company, Defendant.**

2.    Date filed: **August 31, 2005**

3.    Name and Address of counsel for plaintiff: **John E. James, Esquire, and Richard L. Horwitz, Esquire, Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, P. O. Box 951, Wilmington, Delaware 19899**

4.    Short Statement and nature of claim asserted: **Plaintiff asserts claims for, injunctive, declaratory, and monetary relief in connection with insurance coverage.**

5.    Substantive field of law involved (check one):

| | |
|---|---|
| _____ Administrative law | _____ Trade secrets/ |
| _X_ Commercial law | _____ trade mark/or other |
| _____ Constitutional law | _____ intellectual property |
| _____ Corporation law | _____ Trusts |
| _____ Guardianships | _____ Wills and estates |
| _____ Labor law | _____ Zoning |
| _____ Real Property | _____ Other |

6.    Related case(s): _N/A_

7.    Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction): **Plaintiff seeks injunctive relief and asserts claims for breach of contractual duties and relief for other inequitable conduct by Defendant.**

8.    If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought: _X_. **Plaintiff seeks a temporary restraining order preventing Defendant from taking action that would reduce or encumber the Plaintiff's assets subject to Defendant's access.**

9.    If the complaint seeks summary or expedited proceedings, check here _X_.

_/s/ John E. James_
John E. James (I.D. #996)
Richard L. Horwitz (I.D. #2246)
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000

Attorneys for Plaintiff, E.I. du Pont de Nemours and Company

697161

EFiled: Sep 1 2005 10:20AM EDT
Transaction ID 6611290

IN THE CHANCERY COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

E. I. du PONT de NEMOURS AND          )
COMPANY,                              )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          C.A. No.
                                      )
LUMBERMENS MUTUAL CASUALTY            )
COMPANY,                              )
                                      )
            Defendant.                )

## VERIFICATION

STATE OF DELAWARE        )
                         )    SS:
COUNTY OF NEW CASTLE     )

Eugene J. Slesicki, having been duly sworn according to law, deposes and says:

I serve as Consultant – Global Risk Management with E. I. du Pont de Nemours

and Company. I have read the Verified Complaint in this matter and know the contents thereof.

The facts alleged therein are true to my knowledge, information and belief.

_____
Eugene J. Slesicki

SWORN TO AND SUBSCRIBED before me this _31st_ day of August, 2005.

_____
Notary Public

My Commission Expires: _Feb. 7, 2008_

696815/20120-345

EFiled:  Sep  1 2005 10:20A
Transaction ID 6611290


Potter
Anderson
&Corroon LLP

John E. James
Partner
Attorney at Law
jjames@potteranderson.com
302 984-6018  Direct Phone
302 658-1192  Facsimile

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

August 31, 2005

**By LexisNexis File and Serve**

The Honorable William B. Chandler, III
Chancellor, Court of Chancery
Sabo Building
One South Race Street
Georgetown, DE  19947

RE:    **E. I. du Pont de Nemours and Company v.**
       **Lumbermens Mutual Casualty Company**

Dear Chancellor Chandler:

I am writing to advise the Court of the filing today of the Verified Complaint and Motion for Temporary Restraining Order papers by Plaintiff E. I. du Pont de Nemours and Company ("DuPont") against Defendant Lumbermens Mutual Casualty Company ("Lumbermens") in the above-styled matter.

As explained more fully in the Complaint and Motion papers, Plaintiff DuPont seeks to prevent Defendant Lumbermens from improperly drawing down millions of dollars on a letter of credit or surety bond that DuPont has provided to Lumbermens, when Lumbermens is on the brink of insolvency. To the extent that Court intervention in the form, initially, of a Temporary Restraining Order is not applied to prevent Lumbermens from drawing down millions of dollars on the letter of credit or surety bond for an illusory debt that DuPont does not owe, DuPont will suffer irreparable injury because Lumbermens will not be in a position to disgorge such money after it becomes insolvent, an eve nt which is imminent.

DuPont had a long term relationship with Lumbermens and other insurers within the Kemper Group until 2003, when, because of the financial difficulties facing the Kemper Insurance Companies, DuPont decided to terminate the relationship except for past coverage obligations. The Kemper Insurance Companies, including Lumbermens are now in run-off – they are not underwriting any new insurance. The Kemper Group is also now under the control and supervision of the Illinois Insurance Commissioner.

The Honorable William B. Chandler, III
Page 2
August 31, 2005

From 2000 to 2003 DuPont used Lumbermens to administer various forms of coverage that are similar to fronting coverage in that DuPont actually pays most of the losses on a pay-as-you-go basis. DuPont's Verified Complaint describes how this relationship worked. The Complaint and Motion for Temporary Restraining Order also explain how Lumbermens has sought improperly to transmute this largely self-insured program into a typical premium-based insurance coverage relationship and then fraudulently to assert that DuPont owes it millions of dollars in premiums.

DuPont respectfully seeks the protection of a Temporary Restraining Order in order to maintain the status quo pending a further examination of the merits of DuPont's claims on application for preliminary and permanent injunctive relief. The letter of credit and surety bond that DuPont has provided to Lumbermens to secure its obligations as part of their insurance coverage relationship will remain in effect and the value of the letter of credit and bond greatly exceed the amount that Lumbermens asserts that it is owed by DuPont.

In view of the time exigencies in this matter, we respectfully request that this case be assigned as soon as possible so that we can present Plaintiff's Motion for a Temporary Restraining Order tomorrow. We are available at the Court's convenience if Your Honor has any questions regarding this matter.

Respectfully submitted,

/s/ John E. James

John E. James (No. 996)

JEJ/cml
Enclosure
696986v2/20120-345
cc:    Register in Chancery (by LexisNexis File and Serve)
       Christopher C. French, Esquire (Counsel for DuPont - by Facsimile)
       John M. McGregor, Esquire (Counsel for Lumbermens - by Facsimile)

09/07/2005 13:33 FAX 302 856 5778    Register Chancery Sussex    ⊠002

EFiled: Sep 7 2005 2:30PM EDT
Transaction ID 6646903



IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

E. I. du PONT de NEMOURS AND          )
COMPANY,                              )
                                      )
            Plaintiff,                )
                                      )
     v.                               )          C.A. No. 1601-N
                                      )
LUMBERMENS MUTUAL CASUALTY            )
COMPANY,                              )
                                      )
            Defendant.                )

**ORDER**

Plaintiff E. I. du Pont de Nemours and Company ("DuPont") having moved this

Court for a temporary restraining order, the Court having considered that motion, and good cause

having been shown therefore,

IT IS HEREBY ORDERED this *2nd* day of *September*, 2005:

That Lumbermens Mutual Casualty Company and its affiliates are temporarily restrained from

drawing down or presenting any demands for payment under any collateral or security provided

by DuPont, including any letters of credit and/or surety bonds.

*William B. Chandler III*
Chancellor
9/2/05 at 11:00 A.M.

69 115/20120-345





EFiled: Sep  2005 4:12PM EDT
Transaction ID 6648105

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

E.I. duPONT de NEMOURS AND
COMPANY
       Plaintiff(s)
           V
LUMBERMENS MUTUAL
CASUALTY COMPANY
       Defendant(s)

}

CA #:  1601-N

SUMMONS

THE STATE OF DELAWARE
TO:   SPECIAL PROCESS SERVER

## YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon John E. James, Esq., Plaintiff's attorney whose address is 1313 North Market St., 6th Floor, Wilmington, DE 19801 an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

## TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated September 2, 2005

_____
Register in Chancery

Case # <u>1601-N</u>

E.I. duPONT de NEMOURS AND
COMPANY
Plaintiff(s)
V
LUMBERMENS MUTUAL
CASUALTY COMPANY
Defendant(s)


# SUMMONS

Please effectuate service upon:

Lumbermens Mutual Casualty Company

BY SPECIAL PROCESS SERVER




Plaintiff's Attorney:  <u>John E. James, Esq.</u>

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF DELAWARE}
             } ss:
COUNTY OF KENT    }

I, EDWARD JONES, OF THE STATE OF DELAWARE, COUNTY OF KENT, BEING
DULY SWORN, SAYS THAT ON THE 6TH DAY OF SEPTEMBER, 2005, AT 2:39
P.M., I PERSONALLY SERVED SUMMONS AND COMPLAINT UPON
LUMBERMENS MUTUAL CASUALTY COMPANY, BY SERVING THE
SECRETARY OF STATE OF DELAWARE, LOCATED AT THE ADDRESS OF 401
FEDERAL STREET, DOVER, DE 19901. SERVICE WAS ACCEPTED BY
PEARLINA JOHNSON.

EDW

Subscribed and sworn before me
This 6TH day of September, 2005.

TARA L. FOX

My commission expires: 7/22/09



EFiled: Sep 7 2005 4:12PM EDT
Transaction ID 6648105

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

E.I. duPONT de NEMOURS AND
COMPANY
     Plaintiff(s)
           V
LUMBERMENS MUTUAL
CASUALTY COMPANY
     Defendant(s)

}

CA #:  1601-N

SUMMONS

THE STATE OF DELAWARE
TO:   SPECIAL PROCESS SERVER

### YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service

hereof upon defendants, exclusive of the day of service, defendants shall serve upon

John E. James, Esq., Plaintiff's attorney whose address is 1313 North Market St.,

6th Floor, Wilmington, DE 19801 an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

### TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you,
exclusive of the day of service, to serve on plaintiff's attorney name above an
answer to the complaint, judgment by default will be rendered against you for the
relief demanded in the complaint.

Dated September 2, 2005

_____
Register in Chancery

Case # <u>1601-N</u>

E.I. duPONT de NEMOURS AND
COMPANY
Plaintiff(s)
V
LUMBERMENS MUTUAL
CASUALTY COMPANY
Defendant(s)

## SUMMONS

Please effectuate service upon:

Lumbermens Mutual Casualty Company

BY SPECIAL PROCESS SERVER

Plaintiff's Attorney: <u>John E. James, Esq.</u>

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF DELAWARE}
               } ss:
COUNTY OF KENT   }

I, EDWARD JONES, OF THE STATE OF DELAWARE, COUNTY OF KENT, BEING
DULY SWORN, SAYS THAT ON THE 6TH DAY OF SEPTEMBER, 2005, AT 2:15
P.M., I PERSONALLY SERVED SUMMONS AND COMPLAINT UPON
LUMBERMENS MUTUAL CASUALTY COMPANY, BY SERVING THE
DELAWARE DEPARTMENT OF INSURANCE, LOCATED AT THE ADDRESS OF
841 SILVER LAKE BLVD, DOVER, DE 19901. SERVICE WAS ACCEPTED BY
ELIZABETH RIDDICK..

EDWARD JONES

Subscribed and sworn before me
This 6TH day of September, 2005.

TARA L. FOX

My commission expires: 7/22/09

TARA L. FOX
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 22, 2009

EFiled: Sep 21 2005 3:56P EDT
Transaction ID 6746178

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| E. I. du PONT de NEMOURS AND COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1601-N |
| | ) | |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| . | ) | |

## AFFIDAVIT OF MAILING

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS: |
| COUNTY OF NEW CASTLE | ) |

John E. James, being duly sworn, deposes and says:

1.    I am an attorney admitted to the bar of the Supreme Court of the State of Delaware and as such am authorized to practice in the Courts of the State of Delaware. I am a partner in the law firm of Potter Anderson & Corroon LLP, counsel for E. I. du Pont de Nemours and Company, plaintiff herein.

2.    Defendant Lumbermens Mutual Casualty Company is a non-resident of the State of Delaware, but is subject to the jurisdiction of this Court pursuant to 10 *Del. C.* § 3104. Following the filing with the Court of Chancery of the return of service of process upon the Secretary of State, on September 7, 2005 I caused to be mailed by registered mail, return receipt requested, a letter addressed to defendant Lumbermens Mutual Casualty Company, c/o John M. McGregor, Esquire, Assistant General Counsel, Kemper Insurance Companies,

informing defendant Lumbermens Mutual Casualty Company that process had been served pursuant to 10 *Del. C.* § 3104 and that such service was effectual, to all intents and purposes as if it had been made upon the defendant personally within this State, and enclosing a copy of the Process and Verified Complaint.

        3.    On September 19, 2005, I received the return receipt reflecting service upon Defendant Lumbermens Mutual Casualty Company, as evidenced by the return receipt attached hereto as Exhibit A..

                                                                  _____

                                                              John E. James (I.D. #996)

SWORN TO AND SUBSCRIBED before me this _____ day of September, 2005.

                                                  _____

                                                                Notary Public

700026/20120-345

- 2

EFiled: Sep 21 2005 3:56PM EDT
Transaction ID 6746178

# EXHIBIT

# A

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LUMBERMENS MUTUAL
CASUALTY COMPANY
c/o JOHN M. MCGREGOR, ESQ.,
ASST. GENERAL COUNSEL
KEMPER INSURANCE CO
ONE KEMPER DRIVE
LONG GROVE, IL 60049

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                     ☐ Addresse

B. Received by (Printed Name)    C. Date of Delive

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☒ Registered        ☐ Return Receipt for Merchandi
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    RB 858 342 354 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1!

UNITED STATES POSTAL SERVICE

|||||

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

STEWART C. CRAWFORD, JR.
POTTER ANDERSON & CORROON LLP
HERCULES PLAZA — 6TH FLOOR
1313 N. MARKET STREET
WILMINGTON, DE 19801

DUPONT/LUMBERMANUS/ 3104