**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| E. I. du PONT de NEMOURS and COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 05-699 (KAJ) ) ) **JURY TRIAL DEMANDED** |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

Plaintiff, E. I. du Pont de Nemours and Company ("DuPont"), by its undersigned counsel, hereby responds to the enumerated paragraphs of Defendant Lumbermens Mutual Casualty Company's ("Kemper") Counterclaims as follows:

**COUNTERCLAIMS**

**COUNT I – BREACH OF CONTRACT**

1. DuPont denies the allegations in Paragraph 1 to the extent that they suggest that there was a substantial transfer of risk for workers' compensation claims. To the contrary, under the Kemper insurance program at issue (the "Insurance Program"), DuPont has funded all of the workers' compensation claims asserted against it thus far through an escrow account.

2. DuPont denies the allegations in Paragraph 2 to the extent that they suggest that the "estimated subject premium" was an estimate of the total premium for which DuPont actually would be responsible. To the contrary, the "estimated subject premium" was an

approximation of the total premium for which DuPont would have been responsible *if* the Insurance Program had been a traditional insurance program (i.e., one in which the insurance company bears the risk of loss and the policyholder is not required to pay its losses through an escrow account or to reimburse the insurance company for losses). "Estimated subject premium" is computed in the Insurance Program solely for tax purposes, as some states require that taxes be paid as if the Insurance Program were a traditional insurance program with actual risk transfer. Because DuPont is largely self-insured, it is not required to pay the "estimated subject premium."

3. DuPont admits that during the policy period it paid Kemper an upfront amount of $1,043,343 in insurance premium for the limited risk transfer provided by Kemper, claims handling fees, profit, surcharges, and taxes. DuPont also paid over $4.3 million into an escrow account to pay the workers' compensation claims asserted against it. DuPont denies the remaining allegations in Paragraph 3.

4. DuPont admits the allegations in Paragraph 4.

5. DuPont denies the allegations in Paragraph 5. To the contrary, pursuant to the Insurance Program's Cash/Security Reconciliation formula, DuPont does not owe Kemper the difference between the audited subject premium and the deposit premium paid by Kemper. Rather, the formula provides that "[t]he sum of audited premium and assessments *plus or minus* any dividend declared, plus workers' compensation paid losses, less all cash received, equals the balance due DUPONT or Kemper." (Emphasis added.) The so-called "dividend" referred to in the formula is not a "dividend" in the sense of being a share of Kemper's profits, but rather is nothing more than an accounting credit in the Cash/Security Reconciliation formula that adjusts

-3-

for the fact that DuPont is largely self-insured and, therefore, does not pay the same "audited premium" as if there had been an actual transfer of risk to Kemper.

      6.    DuPont denies the allegations in Paragraph 6. To the contrary, DuPont is not responsible for the "audited subject premium" because "audited subject premium" is the amount for which DuPont would have been responsible *if* the Insurance Program had been a traditional insurance program (i.e., one in which the insurance company bears the risk of loss and the policyholder is not required to pay its losses through an escrow account or to reimburse the insurance company for losses). "Audited subject premium" is computed solely for tax purposes, as some states require that the same taxes be paid as if the Insurance Program were a traditional insurance program with actual risk transfer. Because DuPont is largely self-insured, it is not required to pay the "audited subject premium."

      7.    DuPont admits that Kemper did not declare a "dividend" for the 2002 policy year. DuPont denies the remaining allegations in Paragraph 7. By way of further response, the so-called "dividend" is not a "dividend" in the sense of being a share of Kemper's profits, but rather is nothing more than an accounting credit in the Cash/Security Reconciliation formula that adjusts for the fact that DuPont is largely self-insured and, therefore, does not pay the same "audited premium" as if there had been an actual transfer of risk to Kemper.

      8.    DuPont denies the allegations in Paragraph 8. To the contrary, Kemper owes DuPont $96,867.

      9.    DuPont denies the allegations in Paragraph 9.

      10.    DuPont admits that Kemper has demanded that DuPont pay a fictitious debt. DuPont denies that it owes Kemper any amount under the Insurance Program. To the contrary, Kemper owes DuPont $96,867.

11. DuPont denies the allegations in Paragraph 11. By way of further response, DuPont has overpaid Kemper, and Kemper owes DuPont $96,867.

12. DuPont denies the allegations in Paragraph 12.

13. DuPont denies the allegations in Paragraph 13. By way of further response, DuPont has overpaid Kemper, and Kemper owes DuPont $96,867.

## AFFIRMATIVE DEFENSES

DuPont asserts the following affirmative defenses to Kemper's Counterclaim. DuPont reserves the right to amend or supplement these affirmative defenses as further information becomes available through discovery.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Kemper's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Estoppel)**

Kemper's Counterclaim is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Kemper's Counterclaim is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
**(Waiver)**

Kemper's Counterclaim is barred by waiver.

### FIFTH AFFIRMATIVE DEFENSE
**(Equitable Fraud)**

Kemper's Counterclaim is barred by the doctrine of equitable fraud.

### SIXTH AFFIRMATIVE DEFENSE
### (Reformation/Mutual Mistake)

Kemper's Counterclaim is barred by mutual mistake necessitating reformation.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Kemper's Counterclaim is barred by the doctrine of unjust enrichment.

### EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Kemper's Counterclaim is barred by the doctrine of equitable estoppel.

WHEREFORE, DuPont respectfully requests that Kemper's Counterclaim be dismissed with prejudice and all relief sought thereunder be denied, with costs and attorneys' fees assessed against Lumbermens, and such other relief granted to DuPont as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

DuPont hereby demands a trial by jury as to all issues raised in Kemper's Counterclaim that are triable by a jury.

Respectfully submitted,

*Of Counsel:*

John M. Sylvester
Christopher C. French
Scott A. Bowan
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222
Telephone:  (412) 355-6500

Dated:  January 30, 2006
717438/20120-345

POTTER ANDERSON & CORROON LLP

By:   /s/ John E. James
   John E. James (No. 996)
   jjames@potteranderson.com
   Richard L. Horwitz (No. 2246)
   rhorwitz@potteranderson.com
   Hercules Plaza - 6th Floor
   1313 North Market Street
   Wilmington, DE  19801
   Telephone:  (302) 984-6000

*Attorneys for Plaintiff,*
*E. I. du Pont de Nemours and Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, John E. James, hereby certify that, on January 30, 2006, the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS** was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filing to the following attorney of record stating that the document is available for viewing and downloading from CM/ECF:

> David B. Stratton
> PEPPER HAMILTON LLP
> Hercules Plaza, Suite 5100
> 1313 N. Market Street
> P.O. Box 1709
> Wilmington, DE  19899-1709
>
> *Attorney for Defendant,
> Lumbermens Mutual Casualty Company*

>         /s/ John E. James
> John E. James (No. 996)
> jjames@potteranderson.com
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Wilmington, DE 19801
> (302) 984-6000