AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

### SUBPOENA IN A CIVIL CASE

E.I. du PONT de NEMOURS and COMPANY

v.

LUMBERMENS MUTUAL CASUALTY COMPANY

CASE NUMBER:[1] C.A. No. 05-699 (KAJ)

Case pending in DISTRICT OF DELAWARE

TO: Marsh USA Inc.
1166 Avenue of the Americas
New York, NY 10036-2774
Attn: John Dutt, Marsh McLennan Companies

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): SEE ATTACHED RIDER

| PLACE<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>805 Third Avenue<br>New York, NY 10022<br>attn: Rickie Abrams | DATE AND TIME<br><br><br><br>May 1, 2006 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more offices, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>Randall M. Lending, Attorney for Defendant  /s/ Randall M. Lending | Date<br>April 19, 2006 |
|---|---|

Issuing Officer's Name, Address and Phone Number

Vedder, Price, Kaufman & Kammholz, P.C., 222 North LaSalle Street, Chicago, Illinois 60601 (312) 609-7500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: Mark Sefton | 4/20/06 | Marsh USA, Inc., 1166 Avenue of the Americas |

SERVED ON (PRINT NAME): Roberto Cruz

MANNER OF SERVICE: Office Svces Clerk

SERVED BY (PRINT NAME):

TITLE:

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/20/06

SIGNATURE OF SERVER

1376 Plimpton Ave, Bronx, NY.
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed with be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA RIDER FOR MARSH USA, INC.

## REQUESTS FOR DOCUMENTS

### Definitions and Instructions

1. Plaintiff," "DuPont," "You," or "Your" shall mean E. I. du Pont de Nemours and Company, and any of its employees, representatives, and agents.

2. "Lumbermens" or "Kemper" shall mean Defendant Lumbermens Mutual Casualty Company and its employees, representatives and agents.

3. "Marsh" means Marsh USA, Inc., and its employees, representatives and agents.

4. The "Complaint" refers to the Verified Complaint DuPont filed against Lumbermens. (A true and accurate copy of the Complaint is attached hereto as Exhibit 1.)

5. "Document" shall have the same meaning as set forth in Federal Rule of Civil Procedure 34 and any accompanying notes to those Rules, and shall include any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, but not limited to contracts, agreements, correspondence, checks, bank statements, ledgers, wire transfers, money orders, account statements, drawings, invoices, letters, reports, other written communications, manuals, policies, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, spreadsheets, work papers, photographs, tape recordings, video tapes, computer hard drives or other storage media, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your

CHICAGO/#1493909.4

possession, custody or control, or the possession, custody or control of your counsel, consultants, agents, employees and/or other persons acting on your behalf.

6.  "Insurance Program" means the insurance products Lumbermens sold DuPont, for the policy years 2000 to the present including but not limited to the Workers' Compensation Large Risk Contributory Dividend Plan as described in Paragraphs 10-23 of DuPont's Complaint.

7.  ""Insurance Proposal" means the insurance policy submitted by Lumbermens, and accepted by DuPont for workers' compensation coverage for the 2002-2003 policy year, and as further described in DuPont's Complaint.

8.  As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and/or ability to obtain any document.

9.  "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and all other forms of oral, written or electronic intercourse.

10. Any request for documents regarding a particular subject matter includes a request for documents memorializing or reflecting communications regarding said subject matter.

11. The phrases "referring to," "relating to" "reflecting" or "regarding" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication for bearing on the subject matter.

12. In construing these requests:

    (a) the singular form of a word includes the plural form and vice versa;

    (b) "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

(c) each request should be construed independently and not by reference to any other request for purposes of limitation.

13. In producing documents pursuant to these requests, you should indicate, by item number, the specific request(s) in response to which each document or group of documents is being produced. In the event that a document responsive to a particular request has already been produced in response to a prior request, please indicate the request in response to which it was produced and describe the document completely, including at a minimum, the name or title of the document, the date of the document, the author of the document, the addressee(s) and/or recipient(s) of the document, the length of the document and any other necessary identifying information.

14. You are requested to identify and provide an identification log in accordance with the provisions set forth in Federal Rule of Civil Procedure 26 for any documents responsive to these requests which are withheld under any claim of privilege, the work product doctrine or other protection from discovery.

15. These document requests shall be deemed as continuing and further supplemental responses and production shall be made hereto and served upon counsel for Lumbermens from time to time if and when additional documents or communications relevant to these document requests come into the possession of you or your attorneys.

## Documents to Be Produced

1. All correspondence and communications, including but not limited to letters, invoices, and email, between Marsh and DuPont referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

2. All correspondence and communications, including but not limited to letters, invoices, and email, between Marsh and Lumbermens referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

3. All documents, internal correspondence and communications of Marsh, including but not limited to memoranda and email, referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

4. All correspondence and communications, including but not limited to letters, policy reviews, and email, between Marsh and any third party referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

5. All correspondence and communications, including but not limited to letters and email, between Marsh and DuPont referring or relating to the negotiation of the Insurance Proposal.

6. All correspondence and communications, including but not limited to letters and email, between Marsh and Lumbermens referring or relating to the negotiation of the Insurance Proposal.

7. All correspondence and communications, including but not limited to letters and email, between Marsh and DuPont referring or relating to DuPont's acceptance of the Insurance Proposal.

8. All correspondence, including but not limited to letters and email, between Marsh and Lumbermens referring or relating to DuPont's acceptance of the Insurance Proposal.

9. All documents, internal correspondence and communications of Marsh, including but not limited to memoranda and email, referring or relating to the terms and provisions of the

Insurance Proposal or the Insurance Program, how the Insurance Program would function, and/or how said terms and provisions would apply to DuPont.

10. All documents, including but not limited to all internal and external reports and analyses, relating to Kemper's non-declaration of a dividend for the 2002-03 Policy Year.

11. All documents, including but not limited to all internal and external reports and analyses, relating to Kemper's financial condition from January 1, 2000 through April 2004.

12. All documents referring or relating to DuPont's assertion, at Paragraph 99(d) of the Complaint, that Lumbermens made false statements, explanations or assurances with regard to how the Insurance Program would function.

13. All documents referring or relating to DuPont's assertion, at Paragraph 99 of the Complaint, that Lumbermens made false statements to DuPont with regard to Lumbermens' financial condition.

14. All documents referring or relating to DuPont's assertion, at Paragraph 117 of the Complaint, that "it was never the intent of the parties that DuPont would be required to pay the full audit premium without credit for the "dividend" – the portion of the audited subject premium amount that was not actually needed to pay losses under the Insurance Program because losses already had been paid."

15. All documents referring or relating to DuPont's assertion, at Paragraph 36 of the Complaint, that the dividend under the Insurance Program is based on DuPont's Insurance Program alone.

16. All documents, correspondence, and communications generated or received by Marsh employees Quetzy Rivera, John Ball, Will Eustace, Paul Carleton, Jon Limmer and any

other Marsh officer, agent, or employee, referring or relating to the negotiation of the Insurance Proposal for the policy year 2002-03.

17. All documents, correspondence, and communications generated or received by Marsh employees Quetzy Rivera, John Ball, Will Eustace, Paul Carleton, Jon Limmer and any other Marsh officer, agent, or employee, referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

18. All documents referring or relating to the Safeco bond in the amount of $5,995,646, and/or the letter of credit of credit with J.P. Morgan for $9,604,354, as described in Paragraph 40 of the Complaint.

19. All correspondence and communications, including but not limited to letters, invoices, and email, between Marsh and DuPont referring or relating to DuPont's alleged "prejudicial change in position" as described in Paragraph 108 of the Complaint.

20. All documents referring or relating to DuPont's March 1, 2003 cancellation of the Insurance Program.

21. All documents referring or relating to DuPont or Marsh's efforts to secure insurance coverage to replace the Insurance Program.

OF COUNSEL:

Michael M. Eidelman
Randall M. Lending
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street Suite 2600
Chicago, IL 60601-1003

Dated: April 19, 2006

/s/ M. Duncan Grant
David B. Stratton (Del. Bar No. 960)
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendant
Lumbermens Mutual Casualty Company