IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. I. du PONT de NEMOURS and COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 05-699 (KAJ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

**<u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>**

It is anticipated that the parties, through discovery, will seek to obtain documents and information that may be of a confidential and/or proprietary nature. This Confidentiality Stipulation and Protective Order ("Protective Order") is intended to protect the confidentiality of such information and documents, while ensuring that the parties can obtain and pursue discovery with a minimum of delay and expense. The entry of this Protective Order will permit discovery to proceed more expeditiously and with less expense by, among other things, providing protection of confidential information. Accordingly, upon the agreement of the parties, and review by the Court, it is on this _12th_ day of _May_, 2006 hereby **ORDERED** as follows:

1. This Protective Order provides for the confidential treatment of certain information or material produced during discovery in this action. This information or material shall be referred to as "Confidential Material" and shall include all information or documents that are in good faith designated as "Confidential Material" by a "Designating Party." A Designating Party is any party to this action or any non-party who provides Confidential Material for use in this action or who identifies as Confidential Material information or documents

provided by others for use in this action. Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable, good-faith belief that the designated material is entitled to confidential treatment or is otherwise confidential or proprietary and should be used by the recipient only for purposes of this action and for no other purpose.

        2.     Material which may be designated Confidential Material includes all documents, tangible things, testimony, or other information (whether produced in hard copy or electronic form) that is produced or made available in the course of discovery in this action, including: (a) documents produced in response to requests for the production of documents or subpoenas; (b) responses to requests for admissions; (c) responses to interrogatories, including documents used in preparing such responses; (d) transcripts of depositions, trial testimony, and excerpts thereof, including exhibits thereto; (e) other responses or affidavits in connection with discovery requests, motions, or other filings in this action; and (f) all information derived from any of (a) - (e) above and all copies, excerpts, or summaries thereof.

        3.    (a)    With respect to 2(a) above, the Designating Party shall designate a document as Confidential Material by placing the word "Confidential" or a similar designation (the "Confidentiality Legend") on the face of the document and, at the option of the Designating Party, on each internal page designated as being or containing Confidential Material. The Designating Party shall make such designation at the time it first produces or otherwise disseminates such document to the parties. Documents that are merely made available for inspection in response to a request for production need not be marked "Confidential." However, a Designating Party shall mark with the Confidentiality Legend copies of those documents that

-3-

are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection.

   (b)  With respect to 2(b) - (f) above, the Designating Party shall mark Confidential Material on the face of the document with the Confidentiality Legend.

     (i)  With regard to affidavits, statements, and responses to interrogatories or requests for admissions, the Confidentiality Legend shall be placed on the first page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating Party to be confidential.

     (ii)  With regard to depositions, designation of deposition transcripts or portions of a deposition transcript, including exhibits, that contain Confidential Material shall be made by a statement to such effect on the record in the course of the deposition or by written notification to the court reporter and all parties within sixty (60) days following receipt of the transcript of such deposition and the exhibits thereto by the Designating Party (or later with leave of Court, or by agreement among the parties). If any deposition transcript or portion thereof, including exhibits, is designated as confidential, the Confidentiality Legend shall be placed by the reporter on the original and each copy of the transcript, and the transcript shall identify the pages of the deposition and/or the exhibits designated as Confidential Material. If all or part of a videotaped deposition is designated as confidential, both the transcript and the video cassette or other videotape container shall be labeled with the Confidentiality Legend within the same time periods as set forth above.

     (iii)  Briefs, affidavits, and other documents containing Confidential Material shall bear the Confidentiality Legend as described in Paragraph 3.

4.      Portions of court records that contain Confidential Material may be designated as Confidential Material by the party or parties filing said court record by marking the words "CONFIDENTIAL - FILED UNDER SEAL" on each page of the court record containing Confidential Material.

5.      In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material may be designated as confidential by the producer as follows:

(a)     Within sixty (60) days of the date of discovery of the inadvertent production of such material (or later with leave of Court or by agreement among the parties), the producer must give written notice to all parties that the producer claims that the material is confidential, in whole or in part. Upon such notice, all parties who have received a copy of such materials shall mark them as Confidential Material in accordance with paragraph 3 of this Protective Order.

(b)     Upon receipt of the notice described in subparagraph (a), all parties shall thereafter treat the material designated as Confidential Material as subject to this Protective Order.

6.      Confidential Material, and any information derived from it, shall be used or disclosed solely in connection with this action and in accordance with the provisions of this Protective Order.

7.      Except upon the prior written consent of the Designating Party, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential. Confidential Material shall not be disclosed to any persons other than the following, to whom it may be disclosed only in connection with this action:

  (a) Counsel to the parties to this action or the settlement thereof, and their associates, paralegals, and support staff;

  (b) A party's officers, directors, in-house counsel, and employees;

  (c) Experts or consultants (including their employees) retained by a party in connection with this action;

  (d) Deponents and witnesses, but only during or in discussion of possible examination of such persons, or in connection with preparation therefor, and court reporters and their personnel, in accordance with paragraph 3(b)(ii) and other procedures as may be agreed upon among the parties;

  (e) A third party to whom a party is legally obligated or to whom it has a contractual obligation in the ordinary course of business to make disclosure (including, without limitation, auditors, government regulators, reinsurers, and retrocessionaires) of the material designated as Confidential Material;

  (f) The Court and its personnel (including court reporters), in accordance with Paragraph 8.

  Those persons identified in subparagraph 7(a) - 7(c) shall, prior to obtaining access to Confidential Material, (i) be informed of the existence and terms of this Protective Order, (ii) be instructed that they are bound by its terms, and (iii) agree to be bound by its terms. Those persons identified in subparagraphs 7(d) - 7(e) shall, prior to obtaining access to Confidential Material, (i) be informed of the existence and terms of this Protective Order and (ii) be instructed that the materials are to be treated as Confidential in conformity with the terms of this Protective Order.

8. Unless otherwise ordered, the Court and its personnel shall treat all material designated as Confidential Material as confidential pursuant to this Protective Order.

9. If any party disputes the designation by any other party of any document or information as Confidential Material, the disputing party shall serve a written notice of objection to such designation upon the Designating Party, with copies to every other party. Such notice shall identify specifically the material or information as to which the disputing party wishes to have the designation removed and shall set forth the reasons for such removal. The Designating Party and disputing party shall attempt to resolve by agreement the question of whether, or on what terms, the document or information is entitled to confidential treatment. If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, the disputing party may seek a court order determining whether, or on what terms, the document or information is entitled to confidential treatment. However, in making such determination, the Designating Party shall bear the burden of proof on the issue of whether the document or information is entitled to confidential treatment. The designated materials in question shall continue to be treated as Confidential Material subject to the terms of this Protective Order until the Court acts on the motion.

10. Any party intending to disclose Confidential Material to the Court shall do so only after first sealing the document containing the Confidential Material in an envelope marked with the Confidentiality Legend.

11. Any party may request at any time permission to disclose Confidential Material to a person other than those permitted by Paragraph 7 by serving a written request upon counsel for the Designating Party, setting forth the information or materials the party wishes to disclose and the person to whom the party wishes to disclose the information and materials. If

consent is withheld, or the party seeking to make disclosure and the Designating Party are unable to agree on the terms and conditions of disclosure, the party seeking to make disclosure may submit the matter to the Court for resolution.

12. Nothing in this Protective Order shall prevent any party from using or disclosing its own documents or information, or from using or disclosing any information it has also received from any source other than a Designating Party.

13. Nothing in the Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

14. A party's designation of materials as Confidential Material, its failure to designate material as Confidential Material, or its failure to object to another party's designation of materials as Confidential Material, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15. This Protective Order shall survive the termination of this action and shall continue in full force and effect thereafter. Within sixty days of the termination of this action and the expiration of any and all appeals therefrom, all persons or entities that have received Confidential Material shall, if requested, return to counsel for the Designating Party all such Confidential Material, including all copies, prints, summaries, and other reproductions of such information, provided that the Designating Party shall retain such documents for a period of not less than three (3) years and provided further that a party that has received Confidential Material may nonetheless retain such Confidential Material to the extent necessary pursuant to a contractual obligation in the ordinary course of business (including, without limitation, for purposes of reinsurance). Alternatively, the person or entity holding such materials shall advise

the Designating Party in writing within sixty days of its: (a) election to destroy all Confidential Material and copies thereof and, upon destroying such materials, certify to counsel for the Designating Party that they have destroyed all unreturned Confidential Material. Where a party has provided Confidential Material to a retained expert or consultant or any other person or entity, it shall be the responsibility and obligation of both the party and the person or entity to whom the Confidential Material was provided to return, destroy, or maintain the Confidential Material. This paragraph does not apply to the copies of Confidential Material that have been submitted to and are in the possession of the Court. The Court will retain jurisdiction after the termination of this action to enforce the terms of this Protective Order.

16. In the event disclosure of any Confidential Material is sought from anyone subject to this Protective Order pursuant to a lawful subpoena, demand by governmental authority, or other legal process, such person or entity shall, upon receipt of such request, notify the Designating Party by overnight mail of the request for disclosure. The Designating Party may then seek to prevent disclosure by filing a motion for protective order or take other appropriate action and, if so, the Confidential Material shall not be disclosed until the Designating Party has a reasonable opportunity to file such motion or take such action.

17. This Protective Order may be modified or amended by agreement of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

18. This Protective Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law or rule, obligated to disclose.

19. The requirements of this Protective Order shall apply to any materials produced in this action before and after the date that this Protective Order is entered.

20. (a) This Protective Order shall not preclude the use or disclosure of any Confidential Material in connection with the prosecution or defense of this action, including by the use of disclosure of Confidential Material in connection with motions filed in this action or on appeal. Accordingly, for example, should any party seek to file an appeal, writ of mandamus, or other appellate relief, and such appellate court were to decline to accept or receive the associated filings under seal, then such party could publicly file any papers supporting such request for relief, including briefs and supporting materials, even though such papers included or referred to Confidential Material. Nor shall this Protective Order preclude a public oral argument before this Court or any appellate court despite the fact that there might be references to Confidential Material.

(b) Nothing in this Protective Order prevents or controls the introduction of evidence at trial. The admission of evidence at trial shall be controlled by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

(c) Nothing in this paragraph 19 or any other provision of this Protective Order shall prevent any party from seeking appropriate protection for Confidential Material, such as redaction of Confidential Material if appropriate or further order governing use of Confidential Material.

21. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so

that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| *Of Counsel:* | POTTER ANDERSON & CORROON LLP |
| John M. Sylvester<br>Christopher C. French<br>Scott A. Bowan<br>KIRKPATRICK & LOCKHART<br>NICHOLSON GRAHAM LLP<br>Henry W. Oliver Building<br>535 Smithfield Street<br>Pittsburgh, PA 15222<br>Telephone: (412) 355-6500 | By: /s/ John E. James<br>    John E. James (No. 996)<br>    Richard L. Horwitz (No. 2246)<br>    Hercules Plaza - 6th Floor<br>    1313 North Market Street<br>    Wilmington, DE 19801<br>    Telephone: (302) 984-6000<br><br>*Attorneys for Plaintiff*<br>*E. I. du Pont de Nemours and Company* |
| *Of Counsel:* | PEPPER HAMILTON LLP |
| Michael M. Eidelman<br>Randall M. Lending<br>Jeffery M. Heftman<br>VEDDER, PRICE,<br>KAUFMAN & KAMMHOLZ, P.C.<br>222 North LaSalle Street, Suite 2600<br>Chicago, IL 60601-1003<br>(312) 609-5005 | By: /s/ M. Duncan Grant<br>    David B. Stratton (No. 960)<br>    M. Duncan Grant (No. 2994)<br>    Hercules Plaza – Suite 5100<br>    1313 North Market Street<br>    Wilmington, DE 19801<br>    Telephone: (302) 777-6500<br>    E-Mail: strattond@pepperlaw.com<br>            grantm@pepperlaw.com<br><br>*Attorneys for Defendant Lumbermens Mutual Casualty Company* |

Dated: May 11, 2006
728279/20120-345

**IT IS SO ORDERED.**

_____
United States District Judge