# Pepper Hamilton LLP
##### Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

M. Duncan Grant
direct dial: 302.777.6544
grantm@pepperlaw.com

September 25, 2006

**BY ELECTRONIC FILING**

Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   E.I. DuPont de Nemours and Co. v. Lumbermens Mutual Casualty Co.
      Civil Action No. 05-699 KAJ

Dear Judge Jordan:

      I write on behalf of Lumbermens Mutual Casualty Company ("Kemper") to bring an urgent discovery matter to the Court's attention pursuant to Paragraph 3(e) of the December 15, 2005 Scheduling Order. In short, despite the fact that discovery is currently scheduled to close on October 10, 2006, DuPont has produced more than 35,000 pages of documents in the past week and a half, and has recently advised Kemper that it has an additional 20-30 boxes of documents responsive to Kemper's February 3, 2006 Request for Production which will not be able to be produced until another two to four weeks—which is after depositions are required to be taken and after the close of discovery. In addition, DuPont has caused its insurance broker/agent, Marsh USA, Inc. ("Marsh"), to withhold producing certain documents in response to Kemper's subpoena on the basis of a claimed privilege and has not yet produced a privilege log.

      DuPont's excessive delay and failure to timely produce such documents and privilege log effectively precludes Kemper from meaningfully engaging in depositions. Further, Kemper will be prejudiced if it is required to proceed with depositions of the DuPont or Marsh witnesses or to produce its own witnesses for depositions without first having an opportunity to review such documents and privilege log. Kemper seeks an order from this Court: (1) compelling DuPont to produce the additional 20-30 boxes of DuPont documents as well as the privilege log by a date certain; (2) granting a protective order which would permit Kemper the opportunity to review such documentation and log before it is required to proceed with the depositions of the DuPont witnesses or produce its own witnesses for depositions; (3) precluding DuPont from affirmatively using at trial or deposition any of the untimely DuPont documents which have not been previously produced; (4) ordering DuPont to pay any costs and attorneys fees that Kemper may incur in the event that Kemper needs to redepose a third party witness or DuPont witness concerning any of the

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Kent A. Jordan
September 25, 2006
Page 2

DuPont documents which have not yet been produced. In the alternative, Kemper seeks a revised scheduling order or new trial date which would permit Kemper an opportunity to receive and review the 20-30 boxes of documentation which DuPont has not yet produced prior to being forced to proceed with depositions.

<u>Background Relating to DuPont's Failure to Timely Produce Documents and Log</u>

DuPont filed this case on August 31, 2005 seeking, among other things, to preemptively avoid paying certain premiums which Kemper claims is due and owing. On December 13, 2005, this Court set a comprehensive scheduling order providing, *inter alia*, that discovery close on September 8, 2006. On February 3, 2006, Kemper served its First Request for Production of Documents. On March 16, 2006, DuPont objected to the majority of the requests stating that "DuPont would produce non-privileged documents that may be responsive to this Request at a mutually agreeable time and place." On April 20, 2006, Kemper served notices of deposition for two DuPont employees involved in the Kemper/DuPont insurance program as well as a 30(b)(6) deposition notice.

During the first week of April, 2006, DuPont made a production of 7514 pages of documents responsive to Kemper's First Set of Requests for Production of Documents. At that time, DuPont did not advise Kemper that additional documents were forthcoming.

Depositions in this case were delayed by mutual agreement of the parties due to substantial delays on the part of third party Marsh in responding to an April 20, 2006 subpoena for documents Kemper served on Marsh.

In late August 2006, DuPont first advised Kemper that it had additional documents to produce. DuPont explained that these additional documents were from DuPont's electronic files and e-mails which DuPont inadvertently failed to produce with its initial production.

On August 29, 2006, the Parties petitioned the Court jointly to extend the September 9, 2006 discovery cut-off to November 7, 2006. In this motion, the parties advised the Court about the delays the parties had encountered with respect to the Marsh production of documents and that DuPont intended to produce certain additional documents. The Court granted an extension to October 10, 2006.

On September 5, 2006, Marsh produced additional documentation, but has withheld certain documents on the basis of a privilege asserted by DuPont. Despite this assertion of privilege by DuPont, DuPont has not provided to Kemper a privilege log. Nevertheless, following the September 5 Marsh production, on September 14, 2006, Kemper served on Marsh six subpoenas for the depositions of key Marsh witnesses identified in the documents scheduling these depositions to be taken and completed on or before the October 10, 2006 discovery cut-off. However, these Marsh witnesses were not able to be produced on the dates and times Kemper had scheduled due to the unavailability of both counsel for DuPont and Marsh as well as the unavailability of the Marsh

**Pepper Hamilton LLP**
<u>                    </u>
<sub>Attorneys at Law</sub>

Honorable Kent A. Jordan
September 25, 2006
Page 3

witnesses. Marsh was provided dates for the depositions of these Marsh employees beginning October 10, 2006 and throughout the month of October 2006.

On September 15, 2006, DuPont produced an additional 23,150 pages of documents (approximately 10 bankers boxes) to Kemper. At this time, DuPont advised Kemper that additional DuPont documents would be produced in the next two weeks.

On September 18, 2006, the parties filed a second joint motion to extend the discovery cut-off date. In this motion, the parties advised the Court about the difficulties in scheduling the Marsh witness depositions as well as the fact that DuPont had "substantial" additional documents to produce. That joint motion is pending.

On September 20, 2006, DuPont advised Kemper that DuPont had an additional 20-30 boxes of documents to produce but could not give Kemper a definitive date when these documents would be produced. DuPont merely told Kemper that it likely would not be able to produce the remaining 20-30 boxes until another 2-4 weeks which is after the October 10, 2006 discovery cut-off. On September 22, 2006, DuPont produced an additional 12,522 pages of documents (approximately 5 bankers boxes). Again, DuPont was unable to give Kemper a definite date in which its remaining documents would be produced.

According to DuPont's counsel, DuPont does not even have in its possession the additional documents which it needs to produce. Rather, such documents are in the possession of a third party vendor of DuPont in the Philippines with which DuPont is having some issue.

<u>Prejudice to Kemper</u>

Because of the magnitude of DuPont's eleventh hour production of more than 35,000 pages of documents as well as the fact that DuPont still has not produced 20-30 boxes of documents, Kemper has been prejudiced in its ability to complete discovery by the October 10, 2006 cut-off. Moreover, given the current October 10, 2006 discovery deadline, Kemper is now forced to proceed with depositions of DuPont and Marsh witnesses without having substantial documents responsive to its production requests (which should have been produced long ago) and without having a meaningful opportunity to review the extensive documentation just produced. Kemper will likely have to redepose the DuPont and Marsh witnesses if and when it receives all of DuPont's documents, causing additional unnecessary cost to Kemper. Further, Kemper is put in an untenable position of having to produce its witnesses for depositions, without being afforded an opportunity to see and review extensive DuPont documentation.

**Pepper Hamilton LLP**
<u>                    Attorneys at Law</u>

Honorable Kent A. Jordan
September 25, 2006
Page 4

       As the plaintiff, DuPont should have been familiar with the relevant documentation in this case before it filed its lawsuit. DuPont's delay in the production of such extensive documentation is without justification and has prejudiced Kemper. Accordingly, Kemper seeks the relief requested above.

                                         Respectfully,

                                         /s/ M. Duncan Grant

                                       M. Duncan Grant (DE Bar No. 2994)

cc:    John E. James, Esq. – Via Lexis / Nexis