# EXHIBIT A

# VEDDER PRICE

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

JEFFERY M. HEFTMAN
312-609-7728
jheftman@vedderprice.com

January 8, 2007

**BY E-MAIL SBOWAN@KLNG.COM**

Scott A. Bowan
Kirkpatrick & Lockhart Nicholson Graham LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

     Re:   DuPont v. Kemper, No 05-699 (D. Del)

Dear Scott:

    This letter is in response to DuPont's Second Notice of Deposition pursuant to Rule 30(b)(6) dated December 28, 2006. Due to preexisting scheduling conflicts and the objections set forth herein, we not be producing a Rule 30(b)(6) witness on January 10, 2007.

**Objections: Definitions**

    Further, Kemper objects to DuPont's definition of "Insurance Program" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it encompasses all insurance policies, insurance proposals, warranty agreements, indemnity agreements, dividend plans and all other insurance agreements that were issued or sold to DuPont from January 1, 1972 to the present, including the endorsements, riders, binders, cover notes, placing slips, and other documents issued in connection therewith.

    Kemper objects to the definition of "Kemper" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it includes: American Manufacturers Mutual Insurance Company, American Motorists Insurance Company, Kemper Casualty Insurance Company, Kemper Lloyds Insurance Company, Specialty Surplus Insurance Company, and Universal Bonding Insurance Company. It was Lumbermens Mutual Casualty Company that issued the policies at issue in this case.

**Objections: Topics for Inquiry**

    Kemper objects to Topic for Inquiry No. 1 insofar as it presumes that Kemper created large risk dividend plans, which have long been utilized in the insurance industry. Further, the facts and circumstances of Kemper's initial development of a large risk contributory dividend plan for an

CHICAGO/#1591684.2

VEDDER PRICE

Scott A. Bowan
January 8, 2007
Page 2

insured other than DuPont which may be similar to the Large Risk Contributory Dividend plan used with DuPont is not reasonably calculated to lead to the discovery of admissible evidence. Further, this request is overly broad, vague and would entail undue burden and expense for Kemper to research historically the very first large risk contributory dividend plan used with an insured other than DuPont which is similar to the DuPont program and to present a witness knowledgeable about the same.

Kemper objects to Topic No. 2 on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the reason(s) Kemper (as broadly defined by DuPont) may have utilized a large risk contributory dividend plan with policyholders other than DuPont over more than a 35 year period would entail undue burden and expense for Kemper to research historically and to present appropriate witnesses to testify concerning.

Kemper objects to Topic No. 3 as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Given the expansive definition of Insurance Program therein, DuPont appears to seek a representative to testify regarding the facts, circumstances and development of the entire Insurance Program more than 35 years ago which is overly broad, unduly burdensome and plainly improper.

Kemper objects to Topic for Inquiry No. 4 as vague and ambiguous in the use of the terms "initial creation, drafting and meaning." Further, Kemper objects to Topic No. 4 (a), (c), (d), (f), and (g) are duplicative of Topic No. 6 of DuPont's First Notice which Kemper has produced a witness for deposition on September 29, 2006 and the remaining categories are essentially duplicative of the others. Kemper also objects to this request for testimony to the extent that these terms are explicitly defined in the signed Insurance Proposal between the parties as well as in the policies and endorsements. Kemper further objects on the grounds that this request is duplicative of interrogatories previously propounded upon and answered by Kemper. Moreover, DuPont has already deposed two of the underwriters who were involved in the Program during the 2002-2003 program year and has specifically questioned these former Kemper employees about these terms. Thus, this request for testimony is redundant, overbroad and unduly burdensome.

If you have any questions or wish to discuss this matter further, don't hesitate to call.

Regards,

Jeffery M. Heffman

JMH/lr
cc:    Randall M. Lending, Esq.