# EXHIBIT B

Case 1:05-cv-00699-SLR-MPT    Document 110-3    Filed 02/05/2007    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. du PONT de NEMOURS and COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 05-699 (KAJ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO:  David B. Stratton           Michael M. Eidelman
     9 M. Duncan Grant           Randall M. Lending
     PEPPER HAMILTON LLP         Jeffery M. Heftman
     Hercules Plaza, Suite 5100  VEDDER, PRICE, KAUFMAN &
     1313 North Market Street    KAMMHOLZ, P.C.
     Wilmington, DE 19801        222 North LaSalle Street, Suite 2600
                                 Chicago, IL 60601-1003

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff, E. I. du Pont de Nemours and Company ("DuPont"), will take the testimony of Defendant, Lumbermens Mutual Casualty Company ("Kemper"), by way of deposition upon oral examination before a stenographic reporter duly authorized by law to administer oaths, on April 25, 2006, at Potter, Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, DE 19801, commencing at 9:00 A.M. and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), Kemper shall designate one or more officers, directors, managing agents, or other persons to testify regarding the matters identified on Schedule A attached to this Notice.

The deposition will be taken for all purposes authorized by law. You are invited to attend and participate as permitted under the Federal Rules of Civil Procedure.

*Of Counsel:*

John M. Sylvester
Christopher C. French
Scott A. Bowan
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: (412) 355-6500

POTTER ANDERSON & CORROON LLP

By: /s/ John E. James
    John E. James (No. 996)
    Richard L. Horwitz (No. 2246)
    Hercules Plaza - 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    Telephone: (302) 984-6000

*Attorneys for Plaintiff*
*E.I. du Pont de Nemours and Company*

Dated: March 8, 2006
722723/20120-345

# SCHEDULE "A"

## DEFINITIONS

1. **"COMMUNICATION"** means any transmission of information, the information transmitted, and any process by which information is transmitted, whether written or oral.

2. **"DOCUMENT"** means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages (e-mail), studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indices, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the Internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by **DUPONT** through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term **"DOCUMENT"** includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any **DOCUMENTS**, whether used or not. If the original of any **DOCUMENT** is not in your possession, custody, or control, a copy of that **DOCUMENT** should be produced.

3.  **"DUPONT"** means E. I. du Pont de Nemours and Company.

4.  **"IDENTIFY"** or **"IDENTITY"** means when used in reference to:

(a) a **DOCUMENT**, to state separately: (i) its description (letter, report, memorandum, etc.); (ii) its date; (iii) its subject matter; (iv) the **IDENTITY** of each author or signer; (v) the **IDENTITY** of each addressee or recipient; (vi) the division, subdivision, unit, or department of **YOUR** company with which the author and/or addressee were affiliated; and (vii) its present location and the **IDENTITY** of its custodian;

(b) an oral statement, **COMMUNICATION**, conference, or conversation, to state separately: (i) its date and the place where it occurred; (ii) its substance; (iii) the **IDENTITY** of each **PERSON** participating in the **COMMUNICATION**, conference, or conversation; and (iv) the division, subdivision, unit, or department of **YOUR** company with which the participants in, and those present during, the **COMMUNICATION**, conference, or conversation are and were affiliated; and (v) the **IDENTITY** of all notes, memoranda, or other **DOCUMENTS** memorializing, referring to, or **RELATING TO** the subject matter of the statement;

(c) a natural **PERSON**, to state separately: (i) the full name of each such **PERSON**; (ii) his or her present, or last known, business address and his or her present, or last known, residential address; and (iii) the employer of the **PERSON** at the time to which the document request is directed and the **PERSON'S** title or position at that time;

(d) an organization or entity (other than a natural **PERSON**), a company, a corporation, a firm, an association, or a partnership, to state separately: (i) the full name and type of organization or entity; (ii) the date and state of organization or incorporation;

-2-

(iii) the address of each of its principal places of business; and (iv) the nature of the business conducted.

5.  **"INSURANCE PROGRAM"** means all insurance policies, insurance proposals, warranty agreements, dividend plans, and all other insurance agreements that **YOU** issued or sold to **DUPONT** from January 1, 1984 to the present, including any endorsements, riders, binders, cover notes, placing slips, or other **DOCUMENTS** issued in connection therewith.

6.  **"KEMPER"** means the Kemper Insurance Companies, including Lumbermens Mutual Casualty Company, American Manufacturers Mutual Insurance Company, American Motorists Insurance Company, Kemper Casualty Insurance Company, Kemper Lloyds Insurance Company, Specialty Surplus Insurance Company, and Universal Bonding Insurance Company.

7.  **"MARSH"** means Marsh USA, Inc.

8.  **"PERSON"** means a natural person, firm, proprietorship, association, partnership, corporation, and every other type of organization or entity.

9.  **"RELATES TO"** (or any form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising, or relevant to. As indicated, the term necessarily includes information which is in opposition to as well as in support of **YOUR** positions and claims in this action.

10. **"YOU"** or **"YOUR"** means **KEMPER** and its agents, predecessors and successors in interest, parents, subsidiaries, affiliates, divisions, area or regional offices,

directors, officers, employees, managing general agents, underwriting agents, claims adjusting agents, or representatives of the foregoing.

## TOPICS FOR INQUIRY

1. **YOUR** responses to the interrogatories, document requests, and requests for admission propounded by **DUPONT** in this action.

2. **YOUR** search for and production of **DOCUMENTS** in response to the document requests propounded by **DUPONT** in this action.

3. The bases for **YOUR** affirmative defenses and counterclaim in this case.

4. The underwriting of the **INSURANCE PROGRAM**.

5. The commissions **YOU** paid to any agents or brokers that placed or attempted to place insurance polices on behalf of **DUPONT**.

6. **YOUR** interpretation of the following terms or phrases contained in the **INSURANCE PROGRAM** for the January 1, 2002-03 program year:

   (a) "Basic Premium";

   (b) "incurred losses";

   (c) "workers' compensation paid losses";

   (d) "Audited Subject premium";

   (e) "loss conversion factor";

   (f) "100% Fronting and Indemnity Agreement";

   (g) "Large Risk Contributory Dividend Plan";

   (h) "Converted Limited Losses";

   (i) "Tax Multiplier";

   (j) "dividend";

-4-

  (k) "unabsorbed premium";

  (l) "Fixed Payments";

  (m) "Reimbursement for Paid Losses"; and

  (n) "Cash/Security Reconciliation".

7. **YOUR** understanding of how the **INSURANCE PROGRAM** was intended to work prior to 2000.

8. **YOUR** understanding of how the **INSURANCE PROGRAM** was intended to work subsequent to 2000.

9. The "dividends" paid and/or credited to **DUPONT** from 1985 to present and the reason(s) such "dividends" were paid and/or credited.

10. The reasons for **YOUR** refusal to pay and/or credit a "dividend" to **DUPONT** for the January 1, 2002-03 program year.

11. The basis for **YOUR** contention that **DUPONT** owes **YOU** money for the January 1, 2002-03 program year.

12. **YOUR** financial condition since January 1, 2000.

13. The reasons(s) **YOU** decided to repurchase $125 million of Berkshire Hathaway's minority equity investment in Kemper Commercial Insurance Company.

14. **YOUR** run-off plan.

15. Any reserves of **KEMPER'S** own money, as opposed to monies paid by **DUPONT** into an escrow account, **YOU** have established to pay for claims arising under the **INSURANCE PROGRAM** for the January 1, 2002-03 program year.

16. Any reinsurance **YOU** have procured that covers the **INSURANCE PROGRAM**.

-5-

17.  **YOUR DOCUMENT** retention and destruction policies, procedures, and guidelines for the period from 1971 to the present.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, John E. James, hereby certify that, on March 8, 2006, the foregoing was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filing to the following Delaware attorney of record for Defendant stating that the document is available for viewing and downloading from CM/ECF, and that a copy was served by hand on the following Delaware attorney of record:

>David B. Stratton
>M. Duncan Grant
>PEPPER HAMILTON LLP
>Hercules Plaza, Suite 5100
>1313 North Market Street
>Wilmington, DE 19801

and that a copy was served by First Class Mail on the following non-Delaware counsel for Defendant:

>Michael M. Eidelman
>Randall M. Lending
>Jeffery M. Heftman
>VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
>222 North LaSalle Street, Suite 2600
>Chicago, IL 60601-1003

>/s/ John E. James
>John E. James (No. 996)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE 19801
>Telephone: (302) 984-6000
>E-Mail: jjames@potteranderson.com