# EXHIBIT D

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

T 412.355.6500   www.klgates.com

Scott A. Bowan
412.355.6714
Fax: 412.355.6501
scott.bowan@klgates.com

February 2, 2007

**VIA ELECTRONIC AND U.S. MAIL**

Jeffrey M. Heftman, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, IL 60601

    Re:    <u>DuPont v. Lumbermens Mut. Cas. Co., Case No. 05-699 (D. Del.)</u>

Dear Jeff:

    I write to provide you with E. I. du Pont de Nemours and Company's ("DuPont") objections and responses to Lumbermens Mutual Casualty Company's ("Kemper") Second Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice") and its accompanying "Documents Requested to Be Produced Prior to Deposition" (the "Document Request"). We will not be producing a witness on the date you noticed, February 6. In addition to the specific objections below, please be advised that DuPont is not waiving any attorney-client privilege, work product protection, or any other applicable protection, restriction, or immunity from disclosure with respect to any topic in the Notice or to the Document Request.

## OBJECTIONS AND RESPONSES TO SPECIFIC TOPICS FOR INQUIRY

**TOPIC NO. 1:**

**DuPont's calculation of the $96,867 which DuPont claims Kemper owes DuPont as alleged in DuPont's Reply to Defendant's Counterclaims.**

**RESPONSE:**

DuPont objects to this Topic as duplicative of topics in Kemper's prior Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure 30(b)(6)("Kemper's First 30(b)(6) Notice"), including Topic Nos. 1 and 15.

PI-1716246

**K&L|GATES**

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 2

### TOPIC NO. 2:

**The authentication and identification of Slesicki Deposition Exhibit No. 37 (DPT 214807-81), to include testimony regarding the author of this document, when and why this document was created, the use by DuPont of this document, and the distribution of this document within or outside of DuPont.**

### RESPONSE:

DuPont objects to this Topic on the grounds that there is no foundation for requiring DuPont to produce a witness to testify regarding Slesicki Deposition Exhibit No. 37 (DPT214807-81). DuPont also objects to this Topic as duplicative, particularly in that Kemper already questioned Eugene Slesicki about Slesicki Deposition Exhibit No. 37, and Mr. Slesicki testified that he did not recognize the document. When asked whether Slesicki Deposition Exhibit No. 37 was a document prepared by DuPont, Mr. Slesicki responded: "I don't recollect. I would have to see any other correspondence with this, if there was any." At that point, Kemper could have shown Mr. Slesicki the document immediately preceding Slesicki Deposition Exhibit No. 37 in DuPont's document production. That document, an e-mail thread with attachments at DPT0214805-06, indicates that the attachments were prepared by Marsh. DuPont is not required to produce a 30(b)(6) designee to testify regarding documents created by third-parties.

### TOPIC NO. 3:

**The identification and authentication of the final and accepted Proposals by and between Kemper and DuPont for policy years 1984 to 2001.**

### RESPONSE:

DuPont objects to the definition of "Proposals" on the grounds that it is vague, ambiguous, and calls for a legal conclusion, particularly in its use of the terms "accepted" and "agreed," which may imply, incorrectly, that DuPont accepts and/or agrees with Kemper's interpretation of any particular Proposal. DuPont also objects to this Topic's use of the term "accepted," which calls for a legal conclusion, is vague and ambiguous, and may imply, incorrectly, that DuPont accepts Kemper's interpretation of any particular Proposal. DuPont further objects to this Topic to the extent that producing a witness to testify in response to this Topic is unnecessary and unduly

# K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 3

burdensome because identification and authentication of Proposals could be accomplished more efficiently and more economically through written discovery.

### TOPIC NO. 4:

**The facts supporting DuPont's Affirmative Defenses set forth in DuPont's Reply to Kemper's Counterclaims.**

### RESPONSE:

DuPont objects to this Topic to the extent that it calls for a legal conclusion or requires the application of facts to legal doctrines. DuPont also objects to this Topic as unnecessary, duplicative, and designed solely to vex, annoy, and harass DuPont, particularly because, to the extent that DuPont's Affirmative Defenses are not purely legal in nature, they relate to the counts in DuPont's Complaint, and Kemper has already obtained testimony, including 30(b)(6) testimony, regarding the facts supporting DuPont's Complaint and Affirmative Defenses.

### TOPIC NO. 5:

**The reason(s) DuPont elected to go with a Large Risk Contributory Dividend Plan with Kemper instead of other types of workers compensation programs, including a straight retro program.**

### RESPONSE:

DuPont objects to this Topic as vague and ambiguous, particularly in its use of the undefined term "straight retro program." DuPont also objects to this Topic on the grounds that it lacks foundation, particularly to the extent that it is premised upon the assumption that DuPont was presented with other types of worker's compensation programs.

# K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 4

## TOPIC NO. 6:

DuPont's understanding of the meaning and purpose of the following terms or phrases contained in the 2002 Proposal which is attached as Exhibit 1 to the Complaint:

    (a)    "Estimated Annual Premiums"

    (b)    "Audited Subject Premium"

    (c)    "Front"

    (d)    "Basic Premium"

    (e)    "Dividend Formula"

    (f)    "Cash/Security Reconciliation"

    (g)    the "Special Notes" on page 12

    (h)    "Dividend"

## RESPONSE:

DuPont objects to this Topic as calling for legal conclusions. DuPont also objects to this Topic as duplicative of topics contained in Kemper's First 30(b)(6) Notice, including Topic Nos. 1, 4, 6-7, 9, 13, and 15-16.

## TOPIC NO. 7:

DuPont's understanding of the meaning and purpose of the "Large Risk Contributory Dividend Plan Endorsement" attached as Exhibit 1 to the Complaint.

K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 5

**RESPONSE:**

DuPont objects to this Topic to the extent that it calls for a legal conclusion. DuPont also objects to this Topic as duplicative of topics contained in Kemper's First 30(b)(6) Notice, including Topic Nos. 1, 3-4, 6-7, 9, 13, and 16.

**TOPIC NO. 8:**

**The spreadsheets and other documents DuPont produced on January 16, 2007 in response to Kemper's Second Set of Requests for Production of Documents (DPT 324032-279).**

**RESPONSE:**

DuPont objects to this Topic as duplicative in that Kemper has already taken 30(b)(6) testimony regarding the manner in which DuPont accounts for payments made to Kemper.

## DOCUMENTS TO BE PRODUCED PRIOR TO DEPOSITION

**The final and accepted Proposals by and between Kemper and DuPont for policy years 1984 to 2001, including drafts of said Proposals and correspondence related to said Proposals.**

**RESPONSE:**

DuPont objects to this Document Request to the extent that it violates Federal Rule of Civil Procedure 34 by purporting to require DuPont to produce documents in less than the 30 days that are provided by that Rule. DuPont also objects to the definition of "Proposals" on the grounds that it is vague, ambiguous, and calls for a legal conclusion, particularly in its use of the terms "accepted," and "agreed," which may imply, incorrectly, that DuPont accepts and agrees with Kemper's interpretation any particular Proposal. DuPont further objects to the definition of "relating to" as overbroad and unduly burdensome. In addition, DuPont objects to this Document Request on the basis that its use of the undefined term "correspondence" renders the Document Request vague, ambiguous, overbroad, and unduly burdensome. DuPont also objects

# K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 6

to this Document Request to the extent that it seeks information that is already in Kemper's possession.

Subject to and without waiving the foregoing objections, DuPont will respond to this Document Request in accordance with Federal Rule of Civil Procedure 34.

*  *  *  *  *

Please do not hesitate to contact me if you have any questions regarding the foregoing.

Very truly yours,

Scott A. Bowan

cc:   Randall M. Lending, Esq. (via e-mail only)