## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E. I. du PONT de NEMOURS and COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-699-*** |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF SERVICE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure Plaintiff E. I. du Pont de Nemours and Company issued subpoenas duces tecum with accompanying schedules of document requests (attached hereto as Exhibits A-B), which have been or will be served, on the third parties listed below.

| Name | Date/Location of Document Production |
|---|---|
| Standard and Poor's 55 Water Street New York, NY 10041 | February 22, 2007 at 9:00 a.m. Standard and Poor's 55 Water Street New York, NY 10041 |
| Moody's Investors Service 99 Church Street New York, NY 10007 | February 22, 2007 at 9:00 a.m. Moody's Investors Service 99 Church Street New York, NY 10007 |

Of Counsel:

John M. Sylvester
Christopher C. French
Scott A. Bowan
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222
Telephone:  (412) 355-6500

Dated:  February 9, 2007
777119/20120-345

POTTER ANDERSON & CORROON LLP

By:_____
     John E. James (No. 996)
     Richard L. Horwitz (No. 2246)
     Hercules Plaza – Sixth Floor
     1313 North Market Street
     Wilmington, DE  19801
     Telephone:  (302) 984-6000

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*

2

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

|  Southern | DISTRICT OF | New York |
|---|---|---|

E. I. du Pont de Nemours and Company

V.

Lumbermens Mutual Casualty Company

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-699 (District of Delaware)

TO:   Standard and Poor's
      55 Water Street
      New York, NY 10041

G   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

G   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE    Standard and Poor's 55 Water Street, New York, NY 10041 | DATE AND TIME 2/22/2007 9:00 am |
|---|---|

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    ATTORNEY FOR PLAINTIFF | DATE 2/8/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott A. Bowan, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP, 535 Smithfield Street, Pittsburgh, PA 15222, (412) 355-6714

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE Feb. 8th, 2007 | PLACE 55 Water St. 35 Fl. New York N.Y. 10041 |
| SERVED | | |

| SERVED ON (PRINT NAME) Rosaleen Manzi, Managing Director Associate General Counsel | MANNER OF SERVICE Personal - by hand |
|---|---|

| SERVED BY (PRINT NAME) ARNOLD J. BURRUS | TITLE Managing Clerk |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    Feb 8th 2007
            DATE

                   _Arnold J. Burrus_
                   SIGNATURE OF SERVER

                   599 Lexington Ave
                   ADDRESS OF SERVER

                   New York N.Y. 10022

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SUBPOENA RIDER FOR STANDARD AND POOR'S

### REQUESTS FOR DOCUMENTS

#### Definitions and Instructions

1.    "**COMMUNICATION**" means any transmission of information, the information transmitted, and any process by which information is transmitted, whether written or oral.

2.    "**DOCUMENT**" means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages (e-mail), studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the Internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated, if necessary, through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "**DOCUMENT**" includes, without limitation, the original and all file copies and other copies that are not identical to the original, no matter how or by whom prepared, and all drafts prepared in connection with any **DOCUMENTS**, whether used or not. If the original of any **DOCUMENT** is not in your possession, custody, or control, a copy of that **DOCUMENT** should be produced.

3.    **"KEMPER"** means the Kemper Insurance Companies, including Lumbermens Mutual Casualty Company, American Manufacturers Mutual Insurance Company, American Motorists Insurance Company, Kemper Casualty Insurance Company, Kemper Lloyds Insurance Company, Specialty Surplus Insurance Company, and Universal Bonding Insurance Company.

4.    **"RELATES TO"** (or any form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising, or relevant to.

5.    **"YOU"** or **"YOUR"** means Standard and Poor's and its agents, predecessors and successors in interest, parents, subsidiaries, affiliates, divisions, area or regional offices, directors, officers, employees, managing general agents, or representatives of the foregoing.

6.    In construing these requests:

    (a)    the singular form of a word includes the plural form and vice versa;

    (b)    "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

    (c)    each request should be construed independently and not by reference to any other request for purposes of limitation.

7.    **YOU** are requested to identify and provide an identification log for any documents responsive to these requests that are withheld under any claim of privilege, the work product doctrine, or any other protection or immunity from disclosure.

8.    This subpoena for the production of documents shall be deemed as continuing in nature. Further supplemental responses and productions shall be served upon counsel for E. I. du

Pont de Nemours and Company (as identified in this subpoena) from time to time if and when additional documents responsive to this subpoena come into the possession of **YOU** or **YOUR** attorneys.

### Documents To Be Produced

1.      All **DOCUMENTS**, including all **COMMUNICATIONS**, between **YOU** and **KEMPER RELATING TO KEMPER'S** financial condition between January 1, 2000 and March 31, 2003.

2.      All **DOCUMENTS RELATING TO YOUR** decision(s) to make any changes between January 1, 2000 and March 31, 2003 to the financial strength rating that **YOU** assigned to **KEMPER**.

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | New York |
| --- | --- | --- |

E. I. du Pont de Nemours and Company

V.

Lumbermens Mutual Casualty Company

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-699 (District of Delaware)

TO:  Moody's Investors Service
99 Church Street
New York, NY 10007

G  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

G  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE   Moody's Investors Service<br>99 Church Street, New York, NY 10007 | DATE AND TIME<br>2/22/2007 9:00 am |
| --- | --- |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify   Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   ATTORNEY FOR PLAINTIFF | DATE  2/8/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott A. Bowan, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP, 535 Smithfield Street, Pittsburgh, PA 15222, (412) 355-6714

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *Feb. 8th 2007* | *99 Church St. New York N.Y. 10007* |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| *Diana Oliva, Executive Secretary Moody's Investors Service* | *Personal-by hand* |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |
| *ARNOLD J. Burrus* | *Managing Clerk* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   *Feb 8, 2007*
              DATE

*Arnold J. Burrus*
SIGNATURE OF SERVER

*599 Lexington Ave*
ADDRESS OF SERVER

*New York, N.Y. 10022*

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SUBPOENA RIDER FOR MOODY'S INVESTORS SERVICE

### REQUESTS FOR DOCUMENTS

#### Definitions and Instructions

1.     "**COMMUNICATION**" means any transmission of information, the information transmitted, and any process by which information is transmitted, whether written or oral.

2.     "**DOCUMENT**" means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages (e-mail), studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the Internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated, if necessary, through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "**DOCUMENT**" includes, without limitation, the original and all file copies and other copies that are not identical to the original, no matter how or by whom prepared, and all drafts prepared in connection with any **DOCUMENTS**, whether used or not. If the original of any **DOCUMENT** is not in your possession, custody, or control, a copy of that **DOCUMENT** should be produced.

3.    **"KEMPER"** means the Kemper Insurance Companies, including Lumbermens Mutual Casualty Company, American Manufacturers Mutual Insurance Company, American Motorists Insurance Company, Kemper Casualty Insurance Company, Kemper Lloyds Insurance Company, Specialty Surplus Insurance Company, and Universal Bonding Insurance Company.

4.    **"RELATES TO"** (or any form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising, or relevant to.

5.    **"YOU"** or **"YOUR"** means Moody's Investors Service and its agents, predecessors and successors in interest, parents, subsidiaries, affiliates, divisions, area or regional offices, directors, officers, employees, managing general agents, or representatives of the foregoing.

6.    In construing these requests:

(a)    the singular form of a word includes the plural form and vice versa;

(b)    "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

(c)    each request should be construed independently and not by reference to any other request for purposes of limitation.

7.    **YOU** are requested to identify and provide an identification log for any documents responsive to these requests that are withheld under any claim of privilege, the work product doctrine, or any other protection or immunity from disclosure.

8.     This subpoena for the production of documents shall be deemed as continuing in nature.  Further supplemental responses and productions shall be served upon counsel for E. I. du Pont de Nemours and Company (as identified in this subpoena) from time to time if and when additional documents responsive to this subpoena come into the possession of **YOU** or **YOUR** attorneys.

### Documents To Be Produced

1.     All **DOCUMENTS**, including all **COMMUNICATIONS**, between **YOU** and **KEMPER RELATING TO KEMPER'S** financial condition between January 1, 2000 and March 31, 2003.

2.     All **DOCUMENTS RELATING TO YOUR** decision(s) to make any changes between January 1, 2000 and March 31, 2003 to the financial strength rating that **YOU** assigned to **KEMPER**.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, John E. James , hereby certify that on February 9, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

> M. Duncan Grant
> David B. Stratton
> PEPPER HAMILTON LLP
> Hercules Plaza, Suite 5100
> 1313 N. Market Street
> P.O. Box 1709
> Wilmington, DE 19899-1709

By: _____
John E. James (No. 996)
POTTER ANDERSON & CORROON LLP
Hercules Plaza - 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
jjames@potteranderson.com