# Pepper Hamilton LLP
#### Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

M. Duncan Grant
302.777.6544
grantm@pepperlaw.com

March 21, 2007

**BY CM / ECF**

Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    E.I. DuPont de Nemours & Co. v. Lumbermens Mutual Casualty Co.
             Civil Action No. 05-699 ***

Dear Judge Thynge:

      Kemper seeks the Court's assistance to resolve a dispute concerning the scope of testimony of DuPont's corporate representative pursuant to Kemper's Second 30(b)(6) Deposition Notice (the "Second Notice") and Kemper's Supplement to its Second 30(b)(6) Notice (the "Supplemental Notice"), copies of which are attached as Exhibits A and B. For the Court's convenience, we have also attached Kemper's initial 30(b)(6) Deposition Notice (the "First Notice") as Exhibit C. Kemper also seeks an extension of the existing April 6, 2007 dispositive motion date to May 31, 2007, given the fact that depositions have not yet been completed and have continued beyond the current February 28, 2007 discovery cut-off.[1]

      By way of background, on September 27, 2006, Kemper took a deposition of DuPont's corporate representative, Gene Slesicki, pursuant to Kemper's First Notice. Before adjourning for the day, we made it clear to DuPont's counsel that the examination of Mr. Slesicki under Rule 30(b)(6) was not yet completed, that additional topics of inquiry remained outstanding, and that Kemper was reserving its rights to continue Mr. Slesicki's Rule 30(b)(6) deposition.

      On January 24 and February 26, 2007, Kemper served its Second Notice and then its Supplemental Notice. DuPont objected and refused to produce a corporate representative in response to either Notice (*see* DuPont's Objections attached as Exhibits D and E).

      On March 9, 2007, in an attempt to resolve the discovery dispute, Kemper sought to narrow the topics for which additional 30(b)(6) deposition testimony was sought. *See* Kemper's

---

[1] On March 16, 2007, DuPont took its second 30(b)(6) deposition of Kemper's corporate representative, Jack McGregor. In addition, as discussed herein, Kemper needs to complete its second 30(b)(6) deposition of DuPont with respect to both the topics as to which DuPont has no objection and the topics that are the subject of this letter.

**Pepper Hamilton LLP**
_Attorneys at Law_

Honorable Mary Pat Thynge
March 21, 2007
Page 2

March 9, 2007 letter addressing DuPont's objections (attached as Exhibit F). During a telephone conference on March 14, 2007, DuPont agreed to produce a corporate representative to testify about Topic Nos. 1 and 8 in Kemper's Second Notice. DuPont however, continues to refuse to produce a witness in connection with Topic Nos. 5 of Kemper's Second Notice and Topics 1 through 5 of Kemper's Supplemental Notice.

**Second Notice Topic No. 5** requests that DuPont produce a corporate representative to testify about the reasons it elected to go with Kemper's Large Risk Contributory Dividend Plan ("LRCDP"), rather than with other alternatives available in the marketplace including a straight retro program. Contrary to DuPont's objection, this request does not "lack foundation." Rather, both Kemper's and DuPont's experts have testified that loss sensitive programs other than Kemper's discretionary dividend program were generally available in the marketplace. In addition, Ms. Charity Elmendorf, Kemper's former claims coordinator, testified on February 23, 2007 that Marsh presented DuPont with alternatives to Kemper's program. Given these alternatives, it is relevant to determine why DuPont ultimately selected the LRCDP offered by Kemper, which has a discretionary dividend feature, rather than another alternative such as a retrospective rating plan, which generally provides for contractually guaranteed returns of premiums based on favorable loss histories. This inquiry is especially relevant in view of DuPont's position, contrary to the plain language of the program, that it understood that the Kemper dividend was guaranteed. Further, DuPont's decision initially to enter into a dividend plan, followed by annual decisions to renew the program, as opposed to securing insurance which provided a contractually guaranteed return of premium based on its losses, bears directly upon DuPont's understanding of the insurance program and DuPont's reformation claim. Finally, contrary to DuPont's additional objections, this Request is not vague and ambiguous.

**Supplemental Notice Topics 1 through 3** concern whether, from the inception of the program in 1971 until 2003, DuPont ever considered or requested that Marsh provide it with alternatives to the Kemper Dividend Program and whether DuPont or Marsh (on DuPont's behalf) ever sought to compare the Kemper Dividend Program with the programs of other carriers. Contrary to DuPont's objections, these topics are not duplicative of Topic 8 of Kemper's First Notice, which concerned the reason why DuPont elected to obtain insurance from Kemper for the 2002 year rather than electing to be entirely self-insured.

Further, while Kemper attempted to ask Mr. Slesicki at the First 30(b)(6) deposition about competitive alternatives that DuPont considered, Mr. Slesicki testified that he could not "recollect" the specifics of such alternatives (Slesicki 30(b)(6) Dep., at 47-48). Moreover, as of the time of that deposition, DuPont had not produced documents concerning the alternatives that DuPont considered such as are requested in the production request attached to Kemper's Supplemental Notice to which DuPont has not yet responded.

**Supplemental Notice Topics 4 and 5** concern whether Marsh or Kemper ever had discussions with DuPont concerning the discretionary nature of Kemper's dividend. This request

**Pepper Hamilton LLP**
<sub>Attorneys at Law</sub>

Honorable Mary Pat Thynge
March 21, 2007
Page 3

is directly relevant to DuPont's alleged lack of knowledge that the Kemper Dividend was discretionary.

    Contrary to DuPont's objection, these topics are not duplicative of Kemper's First Notice Topic 4 (DuPont's understanding of the terms of the 2002 Insurance Proposal relating to the declaration of a dividend), Topic 9 (the basis for DuPont's assertion that Kemper's payment of a dividend for the 2002 Insurance Proposal is not discretionary), and Topic 13 (the basis for DuPont's assertion that it was never the intent that DuPont would be required to pay the full audit premium). Unlike Kemper's First Notice, which concerned only the 2002 program year, Supplemental Notice Topics 4 and 5 concern whether DuPont had been advised of the discretionary nature of Kemper's dividend in years *prior to* 2002.

    At his 30(b)(6) deposition, Mr. Slesicki testified that he had no "recollection" of any discussions with anybody from Marsh as to the meaning of the phrase in the 2002 Proposal that "dividends are declared at the sole discretion" of Kemper's Board (Slesicki 30(b)(6) dep., at 132-33). Further, Mr. Slesicki testified that he may have had discussions with Kemper concerning that important phrase, but he "can't really answer that specifically" (*id.*). While Kemper's First Notice did not request testimony concerning discussions that DuPont had with Marsh or Kemper regarding the discretionary nature of Kemper's program *prior to 2002*, Kemper should be entitled to inquire about that subject at Kemper's Second 30(b)(6) deposition. To the extent that DuPont, after due inquiry and a 30(b)(6) Notice directed specifically at such discussions, cannot recall any such discussions, the inquiry on this topic will be short. Kemper, however, cannot be put into the untenable position of having DuPont try to present testimony at trial concerning discussions *prior to* 2002, claiming that it was not called for in Kemper's First 30(b)(6) Notice and thus did not have to be disclosed during the course of discovery.

    For those reasons, Kemper requests that the Court (a) order DuPont to produce a 30(b)(6) witness or witnesses to testify about the subjects identified above and (b) extend the April 6, 2007 deadline for dispositive motions to May 31, 2007.

                                                  Respectfully,

                                                  /s/ M. Duncan Grant

                                                  M. Duncan Grant (Bar No. 2994)

MDG/gl
Enclosures
cc:    Clerk of Court (w/ enc.) (via CM/ECF)
        John E. James, Esq. (w/enc.) (via CM/ECF)