# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du PONT de NEMOURS and Company, <br><br> Plaintiff, <br><br> v. <br><br> LUMBERMENS MUTUAL CASUALTY COMPANY, <br><br> Defendant. | C.A. No. 05-699 (***) |

### DEFENDANT LUMBERMENS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF DUPONT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

To: John E. James
Richard L. Horowitz
POTTER ANDERSON &
CORROON LLP
Hercules Plaza - 6th Floor
1313 North Market Street
Wilmington, DE 19801

John M. Sylvester
Christopher C. French
Scott A. Bowan
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Lumbermens Mutual Casualty Company ("Lumbermens"), will take the testimony of Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), by way of deposition upon oral examination before a stenographic reporter duly authorized by law to administer oaths, on Tuesday, February 6, 2007, at Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, commencing at 9:00 A.M. and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), DuPont shall designate one or more officers, directors, managing agents, or other persons to testify regarding the matters identified on Schedule A attached to this Notice.

The deposition will be taken for all purposes authorized by law. You are invited to attend and participate as permitted under the Federal Rules of Civil Procedure.

OF COUNSEL:

Michael M. Eidelman
Randall M. Lending
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street Suite 2600
Chicago, IL 60601-1003

Dated: January 24, 2007

/s/ M. Duncan Grant
David B. Stratton (Del. Bar No. 960)
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendant
Lumbermens Mutual Casualty Company

## SCHEDULE "A"

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff," "DuPont," "You," or "Your" shall mean E. I. du Pont de Nemours and Company, and any of its employees, representatives, and agents.

2. "Lumbermens" or "Kemper" shall mean Defendant Lumbermens Mutual Casualty Company and its employees, representatives and agents.

3. "Marsh" means Marsh USA, Inc., and its employees, representatives and agents.

4. "Person" means a natural person, firm, proprietorship, association, partnership, corporation, and every other type of organization or entity.

5. The "Complaint" refers to the Verified Complaint DuPont filed in this matter against Lumbermens.

6. "Document" shall have the same meaning as set forth in Federal Rule of Civil Procedure 34 and any accompanying notes to those Rules, and shall include any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, but not limited to contracts, agreements, correspondence, checks, bank statements, ledgers, wire transfers, money orders, account statements, drawings, invoices, letters, reports, other written communications, manuals, policies, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, spreadsheets, work papers, photographs, tape recordings, video tapes, computer hard drives or other storage media, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your

possession, custody or control, or the possession, custody or control of your counsel, consultants, agents, employees and/or other persons acting on your behalf.

7. "Insurance Program" means the insurance products Lumbermens sold DuPont, including but not limited to the Workers' Compensation Large Risk Contributory Dividend Plan as described in Paragraphs 10-23 of DuPont's Complaint.

8. "Proposals" means the final and accepted proposal agreed to by and between Kemper and DuPont relating to workers' compensation services and coverages provided by Kemper to DuPont.

9. As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and/or ability to obtain any document.

10. The phrases "referring to," "relating to" "reflecting" or "regarding" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication for bearing on the subject matter.

11. In construing these topics for inquiry:

    (a) the singular form of a word includes the plural form and vice versa;

    (b) "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

    (c) each topic for inquiry should be construed independently and not by reference to any other topic for inquiry for purposes of limitation.

## TOPICS FOR INQUIRY

1. DuPont's calculation of the $96,867 which DuPont claims Kemper owes DuPont as alleged in DuPont's Reply to Defendant's Counterclaims.

2. The authentication and identification of Slesicki Deposition Exhibit No. 37 (DPT 214807-81), to include testimony regarding the author of this document, when and why this document was created, the use by DuPont of this document, and the distribution of this document within or outside of DuPont.

3. The identification and authentication of the final and accepted Proposals by and between Kemper and DuPont for policy years 1984 to 2001.

4. The facts supporting DuPont's Affirmative Defenses set forth in DuPont's Reply to Kemper's Counterclaims.

5. The reason(s) DuPont elected to go with a Large Risk Contributory Dividend Plan with Kemper instead of other types of workers compensation programs, including a straight retro program.

6. DuPont's understanding of the meaning and purpose of the following terms or phrases contained in the 2002 Proposal which is attached as Exhibit 1 to the Complaint:

    (a) "Estimated Annual Premiums"
    (b) "Audited Subject Premium"
    (c) "Front"
    (d) "Basic Premium"
    (e) "Dividend Formula"
    (f) "Cash/Security Reconciliation"
    (g) the "Special Notes" on page 12
    (h) "Dividend"

7. DuPont's understanding of the meaning and purpose of the "Large Risk Contributory Dividend Plan Endorsement" attached as Exhibit 1 to the Complaint.

8. The spreadsheets and other documents DuPont produced on January 16, 2007 in response to Kemper's Second Set of Requests for Production of Documents (DPT 324032-279).

**DOCUMENTS REQUESTED TO BE PRODUCED PRIOR TO DEPOSITION**

The final and accepted Proposals by and between Kemper and DuPont for policy years 1984 to 2001, including drafts of said Proposals and correspondence related to said Proposals.

CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2007, the foregoing Defendant Lumbermens' Second Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure 30(b)(6) and schedule were filed with the Clerk of Court using CM / ECF, which will send notification of such filing to the following counsel of record:

    John E. James
    Richard L. Horowitz
    POTTER ANDERSON &
    CORROON LLP
    Hercules Plaza - 6th Floor
    1313 North Market Street
    Wilmington, DE  19801

                            /s/ M. Duncan Grant
                            M. DUNCAN GRANT (Del. Bar No. 2994)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du PONT de NEMOURS and Company, <br><br> Plaintiff, <br><br> v. <br><br> LUMBERMENS MUTUAL CASUALTY COMPANY, <br><br> Defendant. | C.A. No. 05-699 *** |

**DEFENDANT LUMBERMENS' SUPPLEMENT TO SECOND
NOTICE OF DEPOSITION OF PLAINTIFF DUPONT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

To:  John E. James                       John M. Sylvester
     POTTER, ANDERSON & CORROON LLP      Christopher C. French
     Hercules Plaza - 6th Floor          Scott A. Bowan
     1313 North Market Street            KIRKPATRICK & LOCKHART
     Wilmington, DE 19801                NICHOLSON GRAHAM LLP
                                         Henry W. Oliver Building
                                         535 Smithfield Street
                                         Pittsburgh, PA 15222

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Lumbermens Mutual Casualty Company ("Lumbermens"), will take the testimony of Plaintiff E.I. du Pont de Nemours and Company ("DuPont"), by way of deposition upon oral examination before a stenographic reporter duly authorized by law to administer oaths, on March 5, 2007, at Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, commencing at 9:00 A.M. and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), DuPont shall designate one or more officers, directors, managing agents, or other persons to testify regarding the matters identified on Schedule A attached to this Notice.

The deposition will be taken for all purposes authorized by law. You are invited to attend and participate as permitted under the Federal Rules of Civil Procedure.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant<br>David B. Stratton (Del. Bar No. 960) |
| Michael M. Eidelman<br>Randall M. Lending<br>Jeffery M. Heftman<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>222 North LaSalle Street Suite 2600<br>Chicago, IL 60601-1003 | M. Duncan Grant (Del. Bar No. 2994)<br>PEPPER HAMILTON LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>(302) 777-6500 |
| Dated: February 26, 2007 | Attorneys for Defendant<br>Lumbermens Mutual Casualty Company |

## SCHEDULE "A"

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff," "DuPont," "You," or "Your" shall mean E. I. du Pont de Nemours and Company, and any of its employees, representatives, and agents.

2. "Lumbermens" or "Kemper" shall mean Defendant Lumbermens Mutual Casualty Company and its employees, representatives and agents.

3. "Marsh" means Marsh USA, Inc., and its employees, representatives and agents.

4. "Person" means a natural person, firm, proprietorship, association, partnership, corporation, and every other type of organization or entity.

5. The "Complaint" refers to the Verified Complaint DuPont filed in this matter against Lumbermens.

6. "Document" shall have the same meaning as set forth in Federal Rule of Civil Procedure 34 and any accompanying notes to those Rules, and shall include any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, but not limited to contracts, agreements, correspondence, checks, bank statements, ledgers, wire transfers, money orders, account statements, drawings, invoices, letters, reports, other written communications, manuals, policies, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, spreadsheets, work papers, photographs, tape recordings, video tapes, computer hard drives or other storage media, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your

possession, custody or control, or the possession, custody or control of your counsel, consultants, agents, employees and/or other persons acting on your behalf.

7. "Insurance Program" means the insurance products Lumbermens sold DuPont, including but not limited to the Workers' Compensation Large Risk Contributory Dividend Plan as described in Paragraphs 10-23 of DuPont's Complaint from October 1, 1971 to March 1, 2003.

8. "Proposals" means the final and accepted proposal agreed to by and between Kemper and DuPont relating to workers' compensation services and coverages provided by Kemper to DuPont.

9. As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and/or ability to obtain any document.

10. The phrases "referring to," "relating to" "reflecting" or "regarding" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication for bearing on the subject matter.

11. In construing these topics for inquiry:

    (a) the singular form of a word includes the plural form and vice versa;

    (b) "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

    (c) each topic for inquiry should be construed independently and not by reference to any other topic for inquiry for purposes of limitation.

## TOPICS FOR INQUIRY

1. Whether DuPont ever considered or evaluated alternatives to a Large Risk Contributory Dividend Plan during the time period in which Kemper provided workers compensation insurance to DuPont from October 1, 1971 to March 1, 2003.

2. Whether DuPont ever requested from Marsh, or Marsh ever presented Dupont with, alternatives to Kemper's Large Risk Contributory Dividend Plain for DuPont's workers compensation insurance needs from October 1, 1971 to March 1, 2003.

3. Whether Dupont ever sought to compare, or Marsh ever provided comparisons to DuPont of, the Kemper Insurance Program with programs offered by other insurance carriers from October 1, 1971 to March 1, 2003.

4. Whether Marsh ever advised DuPont, prior to January 1, 2003, that the declaration and/or issuance of the dividend under the Large Risk Contributory Dividend Plan set forth in the Insurance Program and Proposals was discretionary?

5. Whether Kemper and DuPont ever had discussions, prior to January 1, 2003, regarding the discretionary nature of the dividend under the Large Risk Contributory Dividend Plan set forth in the Insurance Program and Proposals.

## DOCUMENTS REQUESTED TO BE PRODUCED PRIOR TO DEPOSITION

(a) All documents referring and/or relating to alternatives presented to or considered by DuPont (or Marsh on behalf of DuPont) to the Kemper's Workers Compensation Large Risk Contributory Dividend Plan from October 1, 1971 to March 1, 2003.

(b) All documents referring and/or relating to comparisons of the Kemper Insurance Program with the insurance program of any other workers compensation insurance policies from October 1, 1971 to March 1, 2003.

(c)     All documents referring and/or relating to whether Marsh ever informed DuPont, prior to January 1, 2003 of the differences between insurance programs based upon discretionary dividend plans and insurance programs based on retrospective rating plans.

(d)     All documents referring and/or relating to whether DuPont ever asked Marsh, prior to January 1, 2003, whether the declaration and/or issuance of a dividend under the Insurance Program, was within the discretion of Kemper's Board of Directors.

(e)     All documents referring and/or relating to whether DuPont ever asked Kemper, prior to January 1, 2003, whether the declaration and/or issuance of a dividend under the Insurance Program, was within the discretion of Kemper's Board of Directors.

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2007, two copies of Defendant Lumbermens' Supplement to Second Notice of Deposition of Plaintiff du Pont Pursuant to Federal Rule of Civil Procedure 30(b)(6) were served upon the following counsel for plaintiffs in the manner stated for each:

| | |
|---|---|
| John E. James, Esq.<br>POTTER, ANDERSON & CORROON LLP<br>1313 North Market Street<br>Wilmington, DE 19801 | (via ECF and hand delivery) |
| John M. Sylvester, Esq.<br>Christopher C. French, Esq.<br>Scott A. Bowan, Esq.<br>KIRKPATRICK & LOCKHART<br>NICHOLSON GRAHAM LLP<br>Henry W. Oliver Building<br>535 Smithfield Street<br>Pittsburgh, PA 15222 | (via first class mail, postage prepaid) |

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)