# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. du PONT de NEMOURS and COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-699 (KAJ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT LUMBERMENS' NOTICE OF DEPOSITION
OF PLAINTIFF DUPONT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

To:    John E. James              John M. Sylvester
        Richard L. Horowitz      Christopher C. French
        POTTER ANDERSON & CORROON  Scott A. Bowan
        Hercules Plaza - 6th Floor    KIRKPATRICK & LOCKHART
        1313 North Market Street    NICHOLSON GRAHAM LLP
        Wilmington, DE 19801     Henry W. Oliver Building
                             535 Smithfield Street
                             Pittsburgh, PA 15222

     PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6),

Defendant Lumbermens Mutual Casualty Company ("Lumbermens"), will take the testimony of

Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), by way of deposition upon oral

examination before a stenographic reporter duly authorized by law to administer oaths, on

May 9, 2006, at Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, P.O.

Box 1709, Wilmington, DE 19899-1709, commencing at 9:00 A.M. and continuing from day to

day until completed.

Pursuant to Rule 30(b)(6), DuPont shall designate one or more officers, directors, managing agents, or other persons to testify regarding the matters identified on Schedule A attached to this Notice.

The deposition will be taken for all purposes authorized by law. You are invited to attend and participate as permitted under the Federal Rules of Civil Procedure.

OF COUNSEL:

Michael M. Eidelman
Randall M. Lending
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street Suite 2600
Chicago, IL  60601-1003


Dated: April 20, 2006

/s/ M. Duncan Grant
David B. Stratton (Del. Bar No. 960)
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Attorneys for Defendant
Lumbermens Mutual Casualty Company

## SCHEDULE "A"

## DEFINITIONS AND INSTRUCTIONS

1.    "Plaintiff," "DuPont," "You," or "Your" shall mean E. I. du Pont de Nemours and Company, and any of its employees, representatives, and agents.

2.    "Lumbermens" or "Kemper" shall mean Defendant Lumbermens Mutual Casualty Company and its employees, representatives and agents.

3.    "Marsh" means Marsh USA, Inc., and its employees, representatives and agents.

4.    "Person" means a natural person, firm, proprietorship, association, partnership, corporation, and every other type of organization or entity.

5.    The "Complaint" refers to the Verified Complaint DuPont filed in this matter against Lumbermens.

6.    "Document" shall have the same meaning as set forth in Federal Rule of Civil Procedure 34 and any accompanying notes to those Rules, and shall include any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, but not limited to contracts, agreements, correspondence, checks, bank statements, ledgers, wire transfers, money orders, account statements, drawings, invoices, letters, reports, other written communications, manuals, policies, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, spreadsheets, work papers, photographs, tape recordings, video tapes, computer hard drives or other storage media, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your

possession, custody or control, or the possession, custody or control of your counsel, consultants, agents, employees and/or other persons acting on your behalf.

7.    "Insurance Program" means the insurance products Lumbermens sold DuPont, for the policy years 2000 to the present including but not limited to the Workers' Compensation Large Risk Contributory Dividend Plan as described in Paragraphs 10-23 of the DuPont's Complaint.

8.    "Insurance Proposal" means the insurance policy submitted by Lumbermens, and accepted by DuPont for workers' compensation coverage for 2002-2003 policy year, and as further described in DuPont's Complaint.

9.    As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and/or ability to obtain any document.

10.    The phrases "referring to," "relating to" "reflecting" or "regarding" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication for bearing on the subject matter.

11.    In construing these topics for inquiry:

    (a)    the singular form of a word includes the plural form and vice versa;

    (b)    "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

    (c)    each topic for inquiry should be construed independently and not by reference to any other topic for inquiry for purposes of limitation.

## TOPICS FOR INQUIRY

1.     DuPont's responses to the interrogatories, document requests, and requests for admission propounded by Lumbermens in this action.

2.     DuPont's search for, and production of, documents in response to the document requests propounded by Lumbermens in this action.

3.     DuPont's negotiation and acceptance of the Insurance Program for the Policy Year 2002-03.

4.     DuPont's understanding of the terms of the Insurance Proposal as it relates to the declaration by Lumbermens of a divided.

5.     DuPont's understanding of the financial condition of Lumbermens: (a) during the negotiation of the Insurance Proposal; (b) at the time DuPont executed the Insurance Proposal; and (c) subsequent to DuPont's execution of the Insurance Proposal up to the time DuPont was advised that Lumbermens did not declare a dividend for the 2002/2003 Policy Year.

6.     The basis for DuPont's assertion that the nature of the coverage provided under the Insurance Program changed in the year 2000 and subsequent years.

7.     DuPont's understanding of the risks Lumbermens assumed under the Insurance Program for the Policy Year 2002-03.

8.     The reason DuPont elected to obtain insurance coverage from Lumbermens under the Insurance Proposal rather than electing to be entirely self-insured.

9.     The basis for DuPont's assertion that Lumbermens' payment of a dividend to DuPont under the Insurance Proposal is not discretionary.

10.    The basis for DuPont's assertion that Lumbermens made false statements, explanations, or assurances with regard to how the Insurance Program would function.

11.    The basis for DuPont's assertion that Lumbermens made false statements, explanations, or assurances with regard to Lumbermens' financial condition.

12.    The basis for DuPont's assertion that it has suffered a prejudicial change in condition as a consequence of Lumbermens' alleged conduct.

13.    The basis for DuPont's assertion that "it was never the intent of the parties that DuPont would be required to pay the full audit premium without credit for the 'dividend.'"

14.    The basis for DuPont's assertion that Lumbermens has threatened to draw down or present a claim against the security provided by DuPont relating to the Insurance Program.

15.    The basis for DuPont's assertion that Lumbermens owes DuPont money for the January 1, 2002-03 program year and any other damages DuPont seeks from Lumbermens in this action.

16.    The basis for DuPont's assertion that it is "self-insured" or mostly self-insured.

17.    DuPont's decision to cancel the Insurance Program on March 1, 2003 and secure replacement coverage.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2006, copies of the foregoing Defendant

Lumbermens' Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil

Procedure 30(b)(6) were served upon the following counsel, in the manner stated for each:

    John E. James, Esq. (via ECF)
    Richard L. Horwitz, Esq.
    Potter, Anderson & Corroon, LLP
    Hercules Plaza
    1313 N. Market Street
    Wilmington, DE  19801

    Christopher C. French, Esq. (via Federal Express)
    Kirkpatrick & Lockhart Nicholson Graham, LLP
    Henry W. Oliver Building
    535 Smithfield Street
    Pittsburgh, PA  15222-2312


                              /s/ M. Duncan Grant
                              M. Duncan Grant

# EXHIBIT D

K&L | GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

T 412.355.6500   www.klgates.com

Scott A. Bowan
412.355.6714
Fax  412.355.6501
scott.bowan@klgates.com

February 2, 2007

**VIA ELECTRONIC AND U.S. MAIL**

Jeffrey M. Heftman, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, IL 60601

        Re:   DuPont v. Lumbermens Mut. Cas. Co., Case No. 05-699 (D. Del.)

Dear Jeff:

              I write to provide you with E. I. du Pont de Nemours and Company's
("DuPont") objections and responses to Lumbermens Mutual Casualty Company's
("Kemper") Second Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of
Civil Procedure 30(b)(6) (the "Notice") and its accompanying "Documents Requested to
Be Produced Prior to Deposition" (the "Document Request"). We will not be producing
a witness on the date you noticed, February 6. In addition to the specific objections
below, please be advised that DuPont is not waiving any attorney-client privilege, work
product protection, or any other applicable protection, restriction, or immunity from
disclosure with respect to any topic in the Notice or to the Document Request.

              **OBJECTIONS AND RESPONSES TO SPECIFIC TOPICS FOR INQUIRY**

**TOPIC NO. 1:**

**DuPont's calculation of the $96,867 which DuPont claims Kemper owes DuPont
as alleged in DuPont's Reply to Defendant's Counterclaims.**

**RESPONSE:**

DuPont objects to this Topic as duplicative of topics in Kemper's prior Notice of
Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure
30(b)(6)("Kemper's First 30(b)(6) Notice"), including Topic Nos. 1 and 15

PI-1716746

K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 2

TOPIC NO. 2:

The authentication and identification of Slesicki Deposition Exhibit No. 37 (DPT 214807-81), to include testimony regarding the author of this document, when and why this document was created, the use by DuPont of this document, and the distribution of this document within or outside of DuPont.

RESPONSE:

DuPont objects to this Topic on the grounds that there is no foundation for requiring DuPont to produce a witness to testify regarding Slesicki Deposition Exhibit No. 37 (DPT214807-81). DuPont also objects to this Topic as duplicative, particularly in that Kemper already questioned Eugene Slesicki about Slesicki Deposition Exhibit No. 37, and Mr. Slesicki testified that he did not recognize the document. When asked whether Slesicki Deposition Exhibit No. 37 was a document prepared by DuPont, Mr. Slesicki responded: "I don't recollect. I would have to see any other correspondence with this, if there was any." At that point, Kemper could have shown Mr. Slesicki the document immediately preceding Slesicki Deposition Exhibit No. 37 in DuPont's document production. That document, an e-mail thread with attachments at DPT0214805-06, indicates that the attachments were prepared by Marsh. DuPont is not required to produce a 30(b)(6) designee to testify regarding documents created by third-parties.

TOPIC NO. 3:

The identification and authentication of the final and accepted Proposals by and between Kemper and DuPont for policy years 1984 to 2001.

RESPONSE:

DuPont objects to the definition of "Proposals" on the grounds that it is vague, ambiguous, and calls for a legal conclusion, particularly in its use of the terms "accepted" and "agreed," which may imply, incorrectly, that DuPont accepts and/or agrees with Kemper's interpretation of any particular Proposal. DuPont also objects to this Topic's use of the term "accepted," which calls for a legal conclusion, is vague and ambiguous, and may imply, incorrectly, that DuPont accepts Kemper's interpretation of any particular Proposal. DuPont further objects to this Topic to the extent that producing a witness to testify in response to this Topic is unnecessary and unduly

K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 3

burdensome because identification and authentication of Proposals could be
accomplished more efficiently and more economically through written discovery.

## TOPIC NO. 4:

**The facts supporting DuPont's Affirmative Defenses set forth in DuPont's Reply
to Kemper's Counterclaims.**

## RESPONSE:

DuPont objects to this Topic to the extent that it calls for a legal conclusion or requires
the application of facts to legal doctrines. DuPont also objects to this Topic as
unnecessary, duplicative, and designed solely to vex, annoy, and harass DuPont,
particularly because, to the extent that DuPont's Affirmative Defenses are not purely
legal in nature, they relate to the counts in DuPont's Complaint, and Kemper has
already obtained testimony, including 30(b)(6) testimony, regarding the facts supporting
DuPont's Complaint and Affirmative Defenses.

## TOPIC NO. 5:

**The reason(s) DuPont elected to go with a Large Risk Contributory Dividend Plan
with Kemper instead of other types of workers compensation programs, including
a straight retro program.**

## RESPONSE:

DuPont objects to this Topic as vague and ambiguous, particularly in its use of the
undefined term "straight retro program." DuPont also objects to this Topic on the
grounds that it lacks foundation, particularly to the extent that it is premised upon the
assumption that DuPont was presented with other types of worker's compensation
programs.

K&L | GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 4

TOPIC NO. 6:

DuPont's understanding of the meaning and purpose of the following terms or
phrases contained in the 2002 Proposal which is attached as Exhibit 1 to the
Complaint:

     (a)    "Estimated Annual Premiums"

     (b)    "Audited Subject Premium"

     (c)    "Front"

     (d)    "Basic Premium"

     (e)    "Dividend Formula"

     (f)    "Cash/Security Reconciliation"

     (g)    the "Special Notes" on page 12

     (h)    "Dividend"

RESPONSE:

DuPont objects to this Topic as calling for legal conclusions. DuPont also objects to this
Topic as duplicative of topics contained in Kemper's First 30(b)(6) Notice, including
Topic Nos. 1, 4, 6-7, 9, 13, and 15-16.

TOPIC NO. 7:

DuPont's understanding of the meaning and purpose of the "Large Risk
Contributory Dividend Plan Endorsement" attached as Exhibit 1 to the Complaint.

K&L|GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 5

RESPONSE:

DuPont objects to this Topic to the extent that it calls for a legal conclusion. DuPont also objects to this Topic as duplicative of topics contained in Kemper's First 30(b)(6) Notice, including Topic Nos. 1, 3-4, 6-7, 9, 13, and 16.

TOPIC NO. 8:

The spreadsheets and other documents DuPont produced on January 16, 2007 in response to Kemper's Second Set of Requests for Production of Documents (DPT 324032-279).

RESPONSE:

DuPont objects to this Topic as duplicative in that Kemper has already taken 30(b)(6) testimony regarding the manner in which DuPont accounts for payments made to Kemper.

DOCUMENTS TO BE PRODUCED PRIOR TO DEPOSITION

The final and accepted Proposals by and between Kemper and DuPont for policy years 1984 to 2001, including drafts of said Proposals and correspondence related to said Proposals.

RESPONSE:

DuPont objects to this Document Request to the extent that it violates Federal Rule of Civil Procedure 34 by purporting to require DuPont to produce documents in less than the 30 days that are provided by that Rule. DuPont also objects to the definition of "Proposals" on the grounds that it is vague, ambiguous, and calls for a legal conclusion, particularly in its use of the terms "accepted," and "agreed," which may imply, incorrectly, that DuPont accepts and agrees with Kemper's interpretation any particular Proposal. DuPont further objects to the definition of "relating to" as overbroad and unduly burdensome. In addition, DuPont objects to this Document Request on the basis that its use of the undefined term "correspondence" renders the Document Request vague, ambiguous, overbroad, and unduly burdensome. DuPont also objects

K&L | GATES

Jeffrey M. Heftman, Esq.
February 2, 2007
Page 6

to this Document Request to the extent that it seeks information that is already in Kemper's possession.

Subject to and without waiving the foregoing objections, DuPont will respond to this Document Request in accordance with Federal Rule of Civil Procedure 34.

*    *    *    *    *

Please do not hesitate to contact me if you have any questions regarding the foregoing.

Very truly yours,

Scott A. Bowan

cc:    Randall M. Lending, Esq. (via e-mail only)