

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

John E. James
Partner
Attorney at Law
jjames@potteranderson.com
302 984-6018 Direct Phone
302 658-1192 Facsimile

March 21, 2007

**By CM/ECF and by Hand**

Magistrate Judge Mary Pat Thynge
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

> RE:   **E. I. du Pont de Nemours and Company v.
> Lumbermens Mutual Casualty Company
> D. Del., C.A. No. 05-699-\*\*\***

Dear Judge Thynge:

I write on behalf of Plaintiff E. I. du Pont de Nemours and Company ("DuPont") to bring a discovery dispute to the Court's attention pursuant to Paragraph 3(e) of the Scheduling Order of December 13, 2005. Specifically, Defendant Lumbermens Mutual Casualty Company ("Kemper") has refused to answer an interrogatory and produce documents relating to other disputes involving the same standard-form language in the Kemper program that is at issue in this case. Consistent with the Scheduling Order, we have arranged to discuss this issue with Your Honor during the telephone conference that Kemper has already scheduled for its own motion to compel on March 23, 2007 at 10:15 a.m.[1]

**DuPont is Entitled to Discovery Relating to Other Kemper Policyholders With Disputes Similar to DuPont's Involving the Same Policy Language.**

DuPont propounded the following interrogatory on Kemper:

> **INTERROGATORY NO. 9:** **IDENTIFY** each of **YOUR** other policyholders that have disputed **YOUR** alleged right not to pay or credit "dividends" to them since 2000.

See Exhibit 1. In response, Kemper objected that the interrogatory is "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" and refused to provide a substantive response, despite DuPont's best efforts to obtain Kemper's voluntary compliance. See Exhibits 2 and 3.

DuPont also propounded two related document requests, asking Kemper to produce:

---

[1] DuPont will be submitting a response to Kemper's motion under separate cover.

Magistrate Judge Mary Pat Thynge
Page 2
March 21, 2007

1. All transcripts of depositions given by Nick V. Vlahos in the **IREX LITIGATION**.

2. All transcripts of depositions given by current and former **KEMPER** employees, whether in the **IREX LITIGATION** or in other matters where **KEMPER'S** decision not to declare a "dividend" is or was at issue, where the deponent testified regarding any of the following terms, phrases, concepts, or endorsements contained in **KEMPER** insurance programs:

   (a) "Basic premium";

   (b) "Subject Premium"; "Audited Subject Premium"; "Estimated Subject Premium";

   (c) "loss conversion factor"; "Converted Limited Losses";

   (d) "Large Risk Contributory Dividend Plan";

   (e) "dividend", "Dividend Formula"; "Dividend Determination";

   (f) "Cash/Security Reconciliation" formula;

   (g) the "Special Notes" on page 12 of the Kemper/DuPont 2002-03 Proposal; and

   (h) "unabsorbed premium".

<u>See</u> Exhibit 4. In response, Kemper raised boilerplate objections, including that "discovery is in its early stages and investigation continues" -- even though discovery closed in this matter on February 27 -- and that the requests are "overbroad and unduly burdensome" -- even though (i) the first document request asks for *only one* deposition transcript in a case that Mr. Vlahos has testified arose from a dispute relating to Kemper's decision not to declare "dividends," and (ii) the second document request is restricted to testimony relating to the key phrases in the Kemper Program at issue in this case. <u>See</u> Exhibit 5. DuPont's attempt to obtain Kemper's voluntary compliance with these document requests was unsuccessful.[2]

DuPont is entitled to discovery relating to other Kemper policyholder disputes similar to this one. Such discovery may reveal that Kemper previously adopted interpretations of the

---

[2] Kemper was not available for a telephonic meet-and-confer before the filing of this letter and did not respond to DuPont's written inquiry into whether Kemper would be standing on its objections. Given Kemper's objections, as well as its steadfast refusal to answer to Interrogatory No. 9, DuPont does not expect to receive any documents in response to these document requests, but DuPont will continue to try to reach an accommodation with Kemper.

Magistrate Judge Mary Pat Thynge
Page 3
March 21, 2007

contract language at issue in this dispute that are inconsistent with those currently asserted by Kemper. If true, that would support DuPont's contention that the language is ambiguous, meaning that it is capable of more than one reasonable interpretation. Further, in this case, Kemper has been unable to produce a single witness that can testify regarding the original drafting and intent of the above-referenced terms and phrases. Thus, DuPont should be permitted to review the testimony of Kemper personnel regarding such terms and phrases in other cases in order to shed some light on the alleged meaning of the terms and phrases.

The scope of discovery under the Federal Rules of Civil Procedure is broad and liberal. See Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999); Novartis Pharm. Corp. v. Eon Labs Mfg., Inc., 206 F.R.D. 392, 394 (D. Del. 2002). Discovery is permitted if the information sought would be relevant or if it would lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Consistent with these principles, other federal courts, including courts within this Circuit, have permitted policyholders to obtain "other policyholder" discovery. See, e.g., Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 106-07 (D.N.J. 1990) (finding that materials relating to the manner in which insurers handled claims of other policyholders with identical policy language "is relevant for purposes of discovery since it may show that identical language has been afforded various interpretations by the insurer"); Rhone-Poulenc Rorer Inc. v. Home Indem. Co., Civ. A. No. 88-9752, 1991 WL 78200, at *2-*3 (E.D. Pa. May 7, 1991) (ordering production of documents and information relating to similar claims of other policyholders) (attached as Exhibit 6); Mariner's Cove Site B Assocs. v. Travelers Indem. Co., No. 04 Civ. 1913 (KMW) (RLE), 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005) ("To properly interpret an insurance policy, it is necessary to discern how that contract has been interpreted in the past. To this end, documents regarding similar claims of other insureds . . . are relevant and discoverable in actions to recover insurance reimbursement.") (attached as Exhibit 7); Stonewall Ins. Co. v. Nat'l Gypsum Co., No. 86 Civ. 9671 (SWK), 1998 WL 96159, at *2-*3 (S.D.N.Y. Sept. 6, 1988) (attached as Exhibit 8).

For these reasons, Kemper should be required to answer Interrogatory No. 9 and to provide documents responsive to the requests cited above. We look forward to discussing this matter further with Your Honor during our telephone conference on March 23.

Respectfully submitted,

John E. James

JEJ/cml
Enclosures
784524/20120-345
cc:   Peter T. Dalleo, Clerk of Court (by CM/ECF)
      Randall M. Lending, Esquire (by e-mail)
      M. Duncan Grant, Esquire (by CM/ECF)
      Christopher C. French, Esquire (by e-mail)