

**Potter
Anderson
&Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**John E. James**
Partner
Attorney at Law
jjames@potteranderson.com
302 984-6018 Direct Phone
302 658-1192 Facsimile

March 22, 2007

**By CM/ECF and by Hand**

Magistrate Judge Mary Pat Thynge
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

RE:    **E. I. du Pont de Nemours and Company v.
Lumbermens Mutual Casualty Company
D. Del., C.A. No. 05-699-*****

Dear Judge Thynge:

I write on behalf of Plaintiff E. I. du Pont de Nemours and Company ("DuPont") to respond to the letter dated March 21, 2007, submitted by M. Duncan Grant on behalf of Lumbermens Mutual Casualty Company ("Kemper") regarding a discovery dispute between DuPont and Kemper over Kemper's Second 30(b)(6) Deposition Notice (the "Second Notice") and Kemper's Supplement to its Second 30(b)(6) Notice (the "Third Notice"), which was served the day before the close of discovery and sought to schedule a deposition for March 5, well after the close of discovery on February 27.[1] This matter is scheduled to be heard before Your Honor on March 23 at 10:15 a.m.

1.    **The Deadline for Case Dispositive Motions Should Not Be Extended.**

Kemper's request to extend the deadline for the submission of case dispositive motions from April 2 to May 31, 2007, should be denied.[2] Kemper's only reason for seeking an extension is "that depositions have not yet been completed and have continued beyond the current February 28 discovery cut-off."[3] In a footnote, Kemper purports to support its request by noting that DuPont took the deposition of Jack McGregor on March 16. What Kemper fails to mention is that Mr. McGregor's deposition was taken pursuant to a deposition notice that DuPont served on *December 28, 2006* -- a full two months before the close of fact discovery -- and that Mr. McGregor's deposition had to be taken after the close of discovery solely because Kemper refused to produce a witness in response to DuPont's Second 30(b)(6)

---

[1]    In an attempt to bootstrap its Third Notice to its Second Notice, Kemper has denominated the Third Notice a "supplement" to its Second Notice. There is no provision in the Federal Rules of Civil Procedure for filing a "supplemental" notice, let alone for filing one over a month after the notice that it purportedly supplements was served. Kemper's Third Notice plainly stands on its own feet, with its own definitions, instructions, and accompanying document requests, and "supplements" nothing.

[2]    Kemper asserts in its letter that the deadline for case dispositive motions is April 6, 2007. That is incorrect. By order dated January 18, 2007, this Court set that deadline as April 2. *See* Order dated 1/18/07, attached as Exhibit 1.

[3]    The discovery cut-off was February 27, not February 28. *See* Exhibit 1.

Magistrate Judge Mary Pat Thynge
Page 2
March 22, 2007

Deposition Notice, which forced DuPont to move to compel the production of a witness. On February 6, Your Honor ordered Kemper to produce a witness in response to DuPont's deposition notice and to produce certain documents relating to the manner in which Kemper accounts for insurance premiums. At the February 6 hearing, DuPont specifically was given leave to take Kemper's deposition out of time because the Court did not require Kemper to produce the documents related to the deposition before the close of discovery. Kemper cannot now use its refusal to produce a witness timely as evidence that an extension of the case dispositive motion deadline is needed. The parties have had over twenty months to complete discovery. As discussed below, all timely-noticed and non-duplicative depositions have been taken. There is no reason for a third extension of the case dispositive motion deadline and further delay.

> **2.      The Testimony Kemper Now Seeks is Duplicative of Testimony Already Taken in This Case.**

In its letter, Kemper makes straw men arguments regarding DuPont's objections to the notices at issue, but fails to adequately address DuPont's primary objections. Specifically, DuPont objects to the notices because Kemper already has asked questions, or had an opportunity to ask questions, about all of the topics at issue in Kemper's Second and Third Notices. As illustrated by Exhibit 2, Kemper questioned DuPont's 30(b)(6) witness, Eugene Slesicki, on September 27, 2006, about each and every one of the topics that are now before the Court in Kemper's motion to compel. *See also* Transcript of Deposition of E. Slesicki, dated September 27, 2006, attached as Exhibit 3. Kemper apparently has now decided that it forgot to ask all of the questions it wanted on those topics or is now dissatisfied with some of the answers it received. Neither reason is a valid justification to require DuPont to put up the same witness a second time to answer questions regarding the same general topics. Indeed, if Kemper was dissatisfied with DuPont's 30(b)(6) testimony on those topics, it should have raised the issue months ago instead of sending another deposition notice on the same topics the day before the close of discovery.[4]

> **3.      The Topics Sought by Kemper are Irrelevant to the Disposition of this Dispute.**

DuPont also objected to the deposition topics at issue in Kemper's Second and Third Notices because they do not seek testimony on topics that are relevant to the disposition of this case. The meaning of the language in the Kemper program and the parties' 30-year course of dealing regarding the program are relevant because it helps illuminate the parties' intent and understanding of the program. What *is not* relevant, however, is what other insurance products sold by other insurance companies may have existed in the marketplace over the past 30 years or may have been offered for sale to DuPont. Yet that is what Kemper seeks to discover through additional deposition testimony. *See* Second Notice Topic No. 5 and Third Notice Topic Nos. 1, 2, and 3. Even if a DuPont corporate witness could testify, for example, about the details of some other insurer's large deductible plan or retrospective rating plan, that would reveal nothing about how the Kemper plan was intended to operate, how the parties understood the Kemper plan would operate, or how in fact the Kemper plan did operate over the parties' 30-year course of dealing. In short, testimony related to what other insurance products were offered by other insurers to DuPont over the past 30 years would amount to nothing more than an expensive, burdensome, and unnecessary sideshow, and it should not be permitted by this Court.

---

[4]      Furthermore, Kemper has already exceeded its permitted time for taking depositions. Pursuant to this Court's Revised Scheduling Order of October 16, 2006 (attached as Exhibit 4), "[e]ach side is limited to a total of 50 hours of taking testimony by deposition upon oral examination." The ten depositions taken by Kemper in this matter exceed 50 hours; thus, Kemper has no time remaining for taking any additional depositions.

Magistrate Judge Mary Pat Thynge
Page 3
March 22, 2007

4.    **DuPont Never Agreed to Produce a Witness in Response to Topic Nos. 1 and 8 in Kemper's Second Notice.**

Kemper's letter misrepresents the results of a meet-and-confer telephone conference between the parties on March 14, 2007, in connection with Topic Nos. 1 and 8 in Kemper's Second Notice. Specifically, Kemper states that "DuPont agreed to produce a corporate representative to testify about Topic Nos. 1 and 8 in Kemper's Second Notice." No such agreement was ever made. Rather, although Kemper already questioned DuPont regarding those two topics, DuPont offered to produce the same witness a second time on Topic Nos. 1 and 8 solely as an accommodation, *if* it would resolve all of the disputes between the parties relating to Kemper's Second and Third Notices. That offer was memorialized in a letter stating:

> Further, we offered to produce a DuPont witness to testify regarding Topic Nos. 1 and 8 of Kemper's Second Notice, provided that doing so would resolve all disputes relating to Kemper's Second Notice and to Defendant Lumbermens' Supplement to Second Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure 30(b)(6). In response, you informed us that Kemper would take our offer under advisement.

*See* Letter from S. Bowan to J. Heftman, dated March 14, 2007, attached as Exhibit 5. Kemper's "response" to that letter was to advise DuPont that it had scheduled this hearing.

Further, although Kemper has not formally presented Topic Nos. 1 and 8 to the Court for resolution, DuPont stands on its objections. In particular, the testimony sought in Topic Nos. 1 and 8 is duplicative of testimony already obtained by Kemper, as illustrated by Exhibit 6. To the extent that Kemper contends that it is entitled to more testimony regarding Topic No. 1 (i.e., DuPont's damages claim in this case) on the basis that a document explaining DuPont's calculation of its damages was produced after DuPont's 30(b)(6) deposition, it should be noted that the document in question is not a business record. It is a document created by DuPont with the assistance of counsel, for this litigation, that DuPont agreed to produce notwithstanding its privileged nature in a good-faith attempt to illustrate the arithmetic that DuPont used to calculate its damages. DuPont's production of that document, which it had no obligation to produce, is not a basis for asking additional deposition questions about DuPont's damages calculation.

For these reasons, the motions to compel and to extend the deadline for filing case dispositive motions that are presented in Kemper's March 21, 2007, letter should be denied.

Respectfully submitted,

John E. James

JEJ/jmm
Enclosures/784934/20120-345
cc:    Peter T. Dalleo, Clerk of Court (by CM/ECF)
       Randall M. Lending, Esquire (by e-mail)
       M. Duncan Grant, Esquire (by CM/ECF)
       Christopher C. French, Esquire (by e-mail)