# EXHIBIT 6

## EXHIBIT 6

### Second Notice Topic No. 1

DuPont's calculation of the $96,867 which DuPont claims Kemper owes DuPont as alleged in DuPont's Reply to Defendant's Counterclaims.

(This topic is included within Topic Nos. 1 and 15 from Kemper's First 30(b)(6) Deposition Notice, which is attached as Exhibit C to Kemper's March 21, 2007, letter to the Court.)

### Questions Already Asked On This Topic[1]

Q. Sir, in this case DuPont has filed certain pleadings that states [sic] that Kemper owes DuPont $96,867. Are you aware of that? (p125)

Q. Is the $96,867 amount that I've seen in the interrogatory responses and the response to the counterclaim, is that the amount, or is it the amount that's in the complaint? (p125)

Q. I will represent to you that the 96,000 dollar amount came second. Can you walk me through your calculations to come up with the 96,867 dollar amount? (p126)

Q. Well, sir, can you walk me through, to the best of your ability, how you come up with that amount? You can look at this exhibit if this would help you, Exhibit 43. (p128)

Q. And from that number how do you get up to the 96,867? (p129)

---

[1] Although this topic was the subject of Topic Nos. 1 and 15 in Kemper's First 30(b)(6) Deposition Notice, Kemper chose not to ask any questions regarding this topic until the fact-witness deposition of Eugene Slesicki on January 17, 2007. Thus, these questions are from that deposition. Mr. Slesicki was also DuPont's 30(b)(6) witness and would be the person offered by DuPont if compelled to produce a witness in response to Kemper's Second Notice Topic No. 1. Accordingly, DuPont is willing to consider designating a portion of Mr. Slesicki's fact witness testimony as 30(b)(6) testimony if compelled to produce a witness on this Topic.

**Second Notice Topic No. 8**

The spreadsheets and other documents DuPont produced on January 16, 2007 in response to Kemper's Second Set of Requests for Production of Documents (DPT 324032-279).

(This topic is included within Topic Nos. 1, 4, 7, and 13 from Kemper's First 30(b)(6) Deposition Notice, which is attached as Exhibit C to Kemper's March 21, 2007, letter to the Court.)

### Questions Already Asked On This Topic

Q. When you put on your books in 2002 what your premium expense relating to the Kemper-DuPont program was, how did you account for that? (p157)

Q. So you accounted for your premium liability, the total amount of your premium liability for let's say 2002 before there was an audit of that 2002 year, you put that as your basic premium amount? (p157)

Q. I want to know how much you accounted for in terms of your premium liability in 2002. Was it the basic premium amount or was it the estimated annual premium amount? (p157)

Q. And you did not put on as a premium liability the 5.6 million or the $5.7 million in estimated premium that we see on page 6. Is that correct? (p158)

Q. You're sure of that? (p158)

Q. Fine. Let's assume that the amount of that adjustment or dividend was $4 million, and I may be off by a little bit, but let's just assume for accounting purposes that that's what it was. When that adjustment would be given to DuPont, how would DuPont account for that adjustment? (p160)

Q. So internally at DuPont you wouldn't necessarily look at the $4 million number that Kemper was crediting DuPont because you've already accounted for the basic premium that was originally estimated in the 2001 program agreement, correct? (p160)

Q. Okay. If it was, then you would account for that? (p160)

Q. Right. Your understanding is that that accounting is consistent with generally accepted accounting principles? (p160-61)

Q. Have you ever looked into that? (p161)

Q. Did you ever look into when you should have to account for the entire annual estimated premium that we see, for example, on page 6 as a premium liability or a

- 3 -

liability of DuPont subject to in the subsequent year reducing that liability? (p161)

- 3 -