# Pepper Hamilton LLP
#### Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

M. Duncan Grant
302.777.6544
grantm@pepperlaw.com

March 22, 2007

**BY CM / ECF**

Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    E.I. DuPont de Nemours & Co. v. Lumbermens Mutual Casualty Co.
             Civil Action No. 05-699 \*\*\*

Dear Judge Thynge:

     I write in response to the second of DuPont's two March 21, 2007 letters, relating to attorney-client privilege. DuPont's use of two three-page letters violates both the text and the spirit of the Scheduling Order, which calls for a single letter "outlining the issues [plural] in dispute." On top of that, both of DuPont's letters appear to be in 11-point, and possibly 10-point, type, rather than in 12-point. DuPont's conduct in those respects is wholly improper.

     DuPont asserts that because the Kemper Board of Directors did not declare a dividend for the 2002 program year, and because Kemper asserted privilege in response to a DuPont document request about that decision, the "at-issue" doctrine applies, and Kemper therefore must produce all attorney communications and work product which related to that determination. DuPont's argument fails for two principal reasons: (1) Kemper has not invoked or relied upon attorney-client communications as a defense to DuPont's claims; and (2) Kemper has produced documents and provided corporate representative testimony fully explaining the grounds for its decision not to declare a dividend.

     Kemper's stated grounds for the Board's decision not to declare a dividend do not even begin to implicate the "at issue" doctrine. The "at issue" exception to the attorney-client privilege applies when the party asserting the privilege affirmatively relies upon a privileged communication itself – as opposed to the subject matter of such a communication – to support a claim or defense, and the resolution of that claim or defense then requires an examination of privileged communications. *See Baxter Int'l, Inc. v. Rhône-Poulenc Rorer, Inc.*, 2004 WL 2158051 (Del. Ch. Sep. 17, 2004) (attached as Exhibit A). A classic example is in patent litigation, where an alleged infringer may assert that he acted in reliance upon advice of counsel, and thus did not willfully infringe. In that instance, the party must produce communications with

**Pepper Hamilton LLP**
— Attorneys at Law

Honorable Mary Pat Thynge
March 22, 2007
Page 2

his attorney. In contrast here, Kemper has never defended against DuPont's claims by relying upon advice of counsel, so it has not taken the predicate step that must occur before the "at issue" doctrine may be invoked. By arguing that Kemper put attorney-client communications into issue by asserting privilege in response to a DuPont document request, DuPont ignores the law, ignores the factual record, and advocates a sweeping view of the "at issue" doctrine that would make virtually every privileged communication subject to disclosure to the adverse party.

Moreover, Kemper has already provided DuPont with a full explanation of the basis for its Board's decision not to declare a dividend. In addition to the documents that it has produced on that subject (*see* Exhibit B), Kemper has provided 30(b)(6) testimony on the grounds for the Board's determination not to declare dividends. *See* McGregor 30(b)(6) Deposition, at 43-45, 70-71 (attached as Exhibit C) ("Q: Is there any reason Kemper did not declare a dividend in 2002 for DuPont other than its financial problems? A: I think the financial situation of Kemper at the time was the primary driver to the board's decision not to declare or pay dividends. Q: Is there anything else? A: Not that I am aware of."). As Kemper's corporate representative explained, Kemper did not have the statutorily required "earned surplus" from which it was permitted to declare and issue a dividend. *Id.*

Thus, Kemper is not using any attorney-client communications offensively. It has very clearly advised DuPont of the grounds for its Board's determination not to declare a dividend: the absence of any statutory surplus from which to declare a dividend. Under Illinois law, 215 ILCS 5/54(3)(a) (*see* Exhibit D), statutory surplus is the sole source from which dividends may be issued. The fact that Kemper's financial condition precluded the declaration and issuance of dividends under applicable law was further confirmed by the Illinois Department of Insurance on April 13, 2004 (*see* Exhibit E) ("[G]iven [Kemper's] financial condition, discretionary dividend payments not only would constitute an unwarranted and inappropriate expense but would, in fact appear to be precluded by the Illinois Insurance Code [and] trigger the prohibitions under Section 54(3)(a) of the Illinois Insurance Code [215 ILCS 5/54(3)(a)]"). Kemper's thorough description of the basis for its Board's determination in no way relied upon the advice of counsel, so the "at issue" doctrine has no applicability here.

DuPont's cases are distinguishable. In *Princeton Ins. Co. v. Vergano*, 883 A.2d 44 (Del. Ch. 2005), for example, a party put privileged communications directly into issue, by denying that she had read the complaint or answers to interrogatories and seeking to distance herself from their allegations. In *Pfizer Inc. v. Warner-Lambert Co.*, 1999 WL 33236240 (Del. Ch. Dec. 8, 1999), the court held that the at-issue doctrine was not applicable, because the party in question had stated its intention not to introduce evidence of its attorney's advice. Thus, the court held that the party was using the privilege as a shield only, not a sword, and had not waived the privilege. *Id.* Similarly here, Kemper is not using privilege affirmatively as a sword.

DuPont apparently believes that privileged discussions must be disclosed just because their subject matter pertains to issues that are relevant to the litigation. There is no basis for that

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Mary Pat Thynge
March 22, 2007
Page 3

position, and indeed, it overlooks one of the central points of the privilege, which is that even where the subject of the communication is relevant, the policies underlying the privilege trump a request for disclosure of the communication. Thus, the mere fact that the Board's decision not to declare dividends is relevant does not waive privilege as to privileged communications about that subject, unless Kemper affirmatively relies upon *the privileged communications* as a defense, which it has not done. The case law, including law cited by DuPont in its letter brief, fully supports Kemper on that point. *See Rhône-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851 (3d Cir. 1994) ("Advice is not in issue merely because it is relevant, and does not necessarily become an issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and *attempts to prove that claim or defense by disclosing or describing an attorney client communication*.") (emphasis added); *Baxter Int'l.*, 2004 WL 2158051 (Del. Ch. Sep. 17, 2004) ("while the subject matter of the emails may be at issue (as is often the case with privileged matters), the communications themselves are not."); *see also Medtronic, Inc. v. Guidant Corp.*, 378 F. Supp. 503, 506 n.2 (D. Del. 2005) (invoking at-issue doctrine where party asserted and relied on attorney error). Kemper has not raised its reliance on advice of counsel as a defense to DuPont's claims, so there is no basis for DuPont's motion.

Lastly, DuPont mistakenly asserts that the documents are not privileged because they involve business decisions and the lawyers, DuPont seems to argue, were only providing business advice. *SICPA Holdings, S.A., v. Optical Coating Lab, Inc.*, 1996 WL 577 143, at *2 (Del. Ch. Sep. 23, 1996), on which DuPont relies, held only that an attorney's participation at a business meeting does not render the discussions at the meeting privileged. As Kemper's privilege log shows, however, the communications that are the subject of DuPont's motion do not relate to Kemper's counsel's participation in a Board meeting, but rather are communications providing legal advice regarding the collection of deferred premiums.

For those reasons, DuPont's motion should be denied.

Respectfully,

/s/ M. Duncan Grant

M. Duncan Grant (Bar No. 2994)

MDG/gl
Enclosures
cc:  Clerk of Court (w/ enc.) (via CM/ECF)
     John E. James, Esq. (w/enc.) (via CM/ECF)