

# Potter
# Anderson
# &Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**John E. James**
Partner
Attorney at Law
jjames@potteranderson.com
302 984-6018 Direct Phone
302 658-1192 Facsimile

March 26, 2007

**By CM/ECF and by Hand**

Magistrate Judge Mary Pat Thynge
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

> RE:   **E. I. du Pont de Nemours and Company v.
> Lumbermens Mutual Casualty Company
> D. Del., C.A. No. 05-699-*****

Dear Judge Thynge:

    An issue has arisen that was not ripe for discussion during our telephone conference on Friday, March 23, but which we would like to discuss during the continuation of that telephone conference at 10:00 A.M. tomorrow.

    Included in Defendant Lumbermens Mutual Casualty Company's ("Kemper") Supplement to Second Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Third Notice"), which was served on February 26, 2007, are five document requests (the "Document Requests"). DuPont's objections and responses to the Document Requests are due on Wednesday, March 28.

    The Document Requests relate to the deposition topics in Kemper's Third Notice and request information regarding insurance products sold by non-party insurers over the past thirty years that <u>were</u> <u>not</u> <u>purchased</u> by DuPont. As Your Honor is aware, DuPont objected to the Third Notice on the bases that, among other things, it requested testimony that would be duplicative of 30(b)(6) testimony already given in this case and it sought discovery of information that was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, in response to the Court's questions relating to DuPont's intentions with respect to the Document Requests, DuPont advised the Court that its preliminary thinking was that it did not intend to produce documents in response to the Document Requests that were included in Kemper's Third Notice. During last Friday's telephone conference, however, Your Honor ordered DuPont to produce a witness in response to Kemper's Third Notice and to apply

Magistrate Judge Mary Pat Thynge
Page 2
March 26, 2007

the Court's ruling in responding to the document requests. In light of that ruling, DuPont has reconsidered its position on producing documents in response to the Document Requests in Kemper's Third Notice.

In re-reviewing the Document Requests and what would be entailed in collecting and producing the responsive documents, it has become clear that it would be unduly burdensome to require DuPont to produce documents in response to the Document Requests. Accordingly, DuPont is submitting the accompanying Affidavit of Vincent M. Catanzaro, in-house counsel for DuPont, to illustrate the undue burden that would be placed on DuPont if it were compelled to produce documents in response to the Document Requests.

To understand why it would be unduly burdensome on DuPont, one needs to consider the history of DuPont's document productions in this case. On February 3, 2006, Kemper served its First Set of Requests for Production of Documents ("Kemper's First Set of Document Requests"). *See* Exhibit 1 (Catanzaro Aff.) at 4 (attached as Exhibit 1). Kemper's First Set of Document Requests asked only for post-2000 documents. Indeed, for the past year Kemper has generally refused to produce documents relating to the pre-2000 time period, arguing and objecting repeatedly that they are irrelevant. *See, e.g.*, Kemper's Response to Document Request No. 2 in Kemper's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents (attached as Exhibit 2) ("Kemper objects to DuPont's definition of the Insurance Program to the extent it calls for information relating to the Insurance Program from 1984 to the present, particularly as DuPont's own Complaint concedes that the pre-2000 years of the Insurance Program are not at issue in this lawsuit."). Thus, DuPont assembled a team of roughly twenty-five reviewers to review several hundred thousand pages of potentially responsive documents for documents after January 1, 2000.

The process of locating, gathering, reviewing, and producing documents in response to Kemper's First Set of Document Requests took several months to complete and resulted in DuPont producing over 324,000 pages of documents to Kemper. To date, DuPont has produced more than 327,295 pages of documents to Kemper. Catanzaro Aff. at 7.

Now, a year after serving its First Set of Document Requests, Kemper seeks to force DuPont to go back and re-review hundreds of thousands of documents because Kemper now wants certain pre-2000 documents relating to insurance products sold by non-party insurers over the past thirty years despite previously taking the position that pre-2000 documents were irrelevant. For DuPont to perform that review, it would have to enlist and train at least twelve attorneys to re-review the documents that have not been produced. That process would take a minimum of four weeks to complete and would cost tens of thousands of dollars. Catanzaro Aff. at 9-12.

Given the marginal, if any, relevance of the documents sought by Kemper, the burden imposed on DuPont in producing those documents clearly is unreasonable, and DuPont should not be forced to undertake this effort.

Magistrate Judge Mary Pat Thynge
Page 3
March 26, 2007

      We look forward to discussing this matter further with Your Honor during our telephone conference tomorrow morning at 10:00 A.M.

                              Respectfully submitted,

                              John E. James

JEJ/cml
Enclosures
785776/20120-345
cc:    Peter T. Dalleo, Clerk of Court (by CM/ECF)
       Randall M. Lending, Esquire (by e-mail)
       M. Duncan Grant, Esquire (by CM/ECF)
       Christopher C. French, Esquire (by e-mail)