# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E. I. du PONT de NEMOURS and COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-699-*** |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT OF VINCENT M. CATANZARO

| | | |
|---|---|---|
| STATE OF DELAWARE | ) ) | SS: |
| COUNTY OF NEW CASTLE | ) | |

Vincent M. Catanzaro, having been duly sworn according to law, deposes and says:

1. I serve as Discovery Counsel and Litigation Support Manager for E. I. du Pont de Nemours and Company ("DuPont").

2. My job responsibilities include overseeing the use of litigation technology and databases, and coordinating, managing, and monitoring the work of DuPont's discovery vendors.

3. I have reviewed the document requests accompanying Defendant Lumbermens Mutual Casualty Company's ("Kemper") Supplement to Second Notice of Deposition of Plaintiff DuPont Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Document Requests"), which Kemper served on February 26, 2007, seeking documents relating to

insurance products sold by non-party insurance companies from October 1, 1971 to March 1, 2003.

4. More than a year before serving the Document Requests, Kemper served its First Set of Requests for Production of Documents ("Kemper's First Set of Document Requests") on DuPont on February 3, 2006. (Attached as Exhibit A.) To respond to Kemper's First Set of Document Requests, DuPont assembled a team of approximately twenty-five reviewers, who were tasked with reviewing approximately 71,000 documents.

5. Kemper's First Set of Document Requests asked only for documents after January 1, 2000. In fact, Kemper maintained that documents prior to that date were irrelevant and objected to DuPont's requests for documents prior to 2000. Thus, DuPont's document review team searched for responsive documents after January 1, 2000.

6. The process of locating, gathering, reviewing, and producing documents in response to Kemper's First Set of Document Requests took several months to complete and resulted in DuPont producing over 324,000 pages of documents to Kemper.

7. To date, DuPont has produced more than 327,295 pages of documents to Kemper.

8. Kemper has now served the additional Document Requests which ask for documents prior to January 1, 2000.

9. Because the documents now requested by Kemper were not included within, and in fact were specifically excluded from, Kemper's First Set of Document Requests, DuPont will have to re-review all of the documents that it previously determined were non-responsive. Those

documents are approximately 35,095 in number and are comprised of a minimum of 250,000 pages.

10. DuPont will have to enlist and train at least twelve attorneys to review for responsiveness and privilege the documents requested by the Document Requests.

11. Further, because most of the potentially-responsive documents are electronic documents, they will have to be converted into a form that can be produced.

12. Reviewing and producing documents in response to the Document Requests will take a minimum of four weeks to complete and will cost tens of thousands of dollars.

13. Forcing DuPont to re-review 35,095 documents relating to insurance products sold by non-party insurers over the past 30 years parties that were not purchased by DuPont would result in undue burden and expense to DuPont.

_____
Vincent M. Catanzaro

SWORN TO AND SUBSCRIBED before me this 26th day of March, 2007.

_____
Notary Public

My Commission Expires: 8-16-10

NANCY ANN MILLER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 16, 2010

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du PONT de NEMOURS and COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-699 (KAJ) ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

### LUMBERMEN'S MUTUAL CASUALTY COMPANY'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Lumbermens Mutual Casualty Company, through its attorneys, and pursuant to Federal Rule of Civil Procedure 34, requests that Plaintiff E. I. du Pont de Nemours and Company produce the following documents in its possession, custody and/or control within twenty-eight (28) days of service hereof:

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff" or "DuPont" means E. I. du Pont de Nemours and Company and any of its predecessors, successors, divisions, parent companies, subsidiaries, agents and assigns, all officers, directors, partners, employees, attorneys, accountants and any other person acting on DuPont's behalf.

2. "Lumbermens" or "Kemper" shall mean Defendant Lumbermens Mutual Casualty Company and any of its predecessors, successors, divisions, parent company, subsidiaries, agents and assigns, its employees and agents, and or consultants.

3. The "Complaint" refers to the Verified Complaint DuPont filed against Lumbermens.

4. "Document" shall have the same meaning as set forth in Federal Rule of Civil Procedure 34 and any accompanying notes to those Rules, and shall include any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, but not limited to contracts, agreements, correspondence, checks, bank statements, ledgers, wire transfers, money orders, account statements, drawings, invoices, letters, reports, other written communications, manuals, policies, telegrams, memoranda,

summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, spreadsheets, work papers, photographs, tape recordings, video tapes, computer hard drives or other storage media, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in your possession, custody or control, or the possession, custody or control of your counsel, consultants, agents, employees and/or other persons acting on your behalf.

5. "Insurance Program" means the insurance products Lumbermens sold DuPont, including but not limited to the workers' compensation plan as described in Paragraphs 10-23 of the DuPont's Complaint.

6. "Insurance Proposal" means the insurance policy submitted by Lumbermens, and accepted by DuPont for workers' compensation coverage for 2002-2003 policy year, and as further described in DuPont's Complaint.

7. As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and/or ability to obtain any document.

8. "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and all other forms of oral, written or electronic intercourse.

9. Any request for documents regarding a particular subject matter includes a request for documents memorializing or reflecting communications regarding said subject matter.

10. The phrases "referring to," "relating to" "reflecting" or "regarding" mean having any connection, association or concern with or any relevance, relation, pertinence, or applicability to or any implication for bearing on the subject matter.

11. In construing these requests:

(a) the singular form of a word includes the plural form and vice versa;

(b) "and" and "or" are to be construed either disjunctively or conjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

(c) each request should be construed independently and not by reference to any other request for purposes of limitation.

12. In producing documents pursuant to these requests, you should indicate, by item number, the specific request(s) in response to which each document or group of documents is being produced. In the event that a document responsive to a particular request has already been produced in response to a prior request, please indicate the request in response to which it was produced and describe the document completely, including at a minimum, the name or title of the document, the date of the document, the author of the document, the addressee(s) and/or recipient(s) of the document, the length of the document and any other necessary identifying information.

13. You are requested to identify and provide an identification log in accordance with the provisions set forth in Federal Rule of Civil Procedure 26 for any documents responsive to these requests which are withheld under any claim of privilege, the work product doctrine or other protection from discovery.

14. These document requests shall be deemed as continuing and further supplemental responses and production shall be made hereto and served upon counsel for Lumbermens from time to time if and when additional documents or communications relevant to these document requests come into the possession of you or your attorneys.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents relating to or relied upon by DuPont in answering Lumbermens' First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:**

All correspondence and communications, including but not limited to letters, invoices and email, between Lumbermens and DuPont referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

**RESPONSE:**

**REQUEST NO. 3:**

All correspondence and communications, including but not limited to letters, invoices and email, between DuPont and Marsh USA, Inc. referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

**RESPONSE:**

**REQUEST NO. 4:**

All correspondence and communications, including but not limited to letters, invoices and email, between DuPont and Marsh USA, Inc. referring or relating to DuPont's alleged "prejudicial change in position," as described in Paragraph 108 of the Complaint.

**RESPONSE:**

**REQUEST NO. 5:**

All correspondence and communications, including but not limited to letters, invoices and email, between DuPont's agent, Marsh USA, Inc. and Lumbermens, referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

**RESPONSE:**

**REQUEST NO. 6:**

All internal correspondence and communications of DuPont, including but not limited to memorandum and emails, referring or relating to the Insurance Proposal or the Insurance Program, from January 1, 2000 to the present.

**RESPONSE:**

**REQUEST NO. 7:**

All correspondence and communications, including but not limited to letters, policy reviews and email, between DuPont and any third party regarding or relating to the Insurance Program or the Insurance Program from January 1, 2000 to the present.

**RESPONSE:**

**REQUEST NO. 8:**

All documents referring or relating to DuPont's renewal of the Insurance Program for the Policy Year 2002-2003.

**RESPONSE:**

**REQUEST NO. 9:**

All documents referring or relating to DuPont's signing and acceptance of the Insurance Proposal on October 31, 2002.

**RESPONSE:**

**REQUEST NO. 10:**

All documents referring or relating to DuPont's assertion, at Paragraph 36 of the Complaint, that the dividend under the Insurance Program is based on DuPont's Insurance Program alone.

**RESPONSE:**

**REQUEST NO. 11:**

All documents referring or relating to DuPont's March 1, 2003 cancellation of the Insurance Program, including but not limited to DuPont's efforts to secure replacement insurance coverage, and any damages DuPont alleges to have incurred as a result.

**RESPONSE:**

**REQUEST NO. 12:**

All documents referring or relating to DuPont's assertion, at Paragraph 84 of the Complaint, that Lumbermens has threatened to draw down or present a claim against the security provided by DuPont relating to the Insurance Program.

**RESPONSE:**

**REQUEST NO. 13:**

All documents referring or relating to DuPont's assertion, at Paragraph 99(d) of the Complaint, that Lumbermens made false statements, explanations or assurances with regard to how the Insurance Program would function.

**RESPONSE:**

**REQUEST NO. 14:**

All documents referring or relating to DuPont's assertion, at Paragraph 99 of the Complaint, that Lumbermens made false statements to DuPont with regard to Lumbermens' financial condition.

**RESPONSE:**

**REQUEST NO. 15:**

All documents referring or relating to DuPont's assertion, at Paragraph 108 of the Complaint, that it has suffered a prejudicial change in position as a consequence of Lumbermens alleged conduct.

**RESPONSE:**

**REQUEST NO. 16:**

All documents supporting, serving as a basis for, or relating to your claim, at paragraph 117 of the Complaint, that "it was never the intent of the parties that DuPont would be required to pay the full audit premium without credit for the "dividend" – the portion of the audited subject premium amount that was not actually needed to pay losses under the Insurance Program because losses already had been paid."

**RESPONSE:**

**REQUEST NO. 17:**

All correspondence and communications, including but not limited to letters and email, between DuPont and Marsh USA, Inc. referring or relating to the negotiation of the Insurance Proposal.

**RESPONSE:**

**REQUEST NO. 18:**

All correspondence, including but not limited to letters and email, between DuPont and Lumbermens referring or relating to DuPont's acceptance of the Insurance Proposal.

**RESPONSE:**

**REQUEST NO. 19:**

All documents referring or relating the Safeco bond in the amount of $5,995,646 as described in Paragraph 40 of the Complaint.

**RESPONSE:**

**REQUEST NO. 20:**

All documents referring or relating to the letter of credit of credit with J.P. Morgan for $9,604,354, as described in Paragraph 40 of the Complaint.

**RESPONSE:**

**REQUEST NO. 21:**

All correspondence and communications between DuPont and any expert retained in this matter.

**RESPONSE:**

OF COUNSEL:

Michael M. Eidelman
Randall M. Lending
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street Suite 2600
Chicago, IL 60601-1003

Dated: February 3, 2006

/s/ M. Duncan Grant
David B. Stratton (DE No. 960)
M. Duncan Grant (DE No. 2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Defendant
Lumbermens Mutual Casualty Company

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du PONT de NEMOURS and COMPANY, | |
| Plaintiff, | |
| v. | Civil Action No. 05-699 (KAJ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | |
| Defendant. | |

### KEMPER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Lumbermens Mutual Casualty Company ("Kemper"), by and through its attorneys, and as its objections and answers to Plaintiff E.I. du Pont de Nemours' ("DuPont"), First Set of Requests for Production of Documents (the "Requests") states as follows:

### GENERAL OBJECTIONS

1.  Kemper objects to the Requests to the extent that they seek information, communications and/or documents protected against disclosure by the attorney-client privilege or work product doctrine or any other applicable protection, restriction, or immunity from disclosure. Any such objection which is hereinafter made in response to any specific Request is made without limiting this general objection as it pertains to another specific Request.

2.  Kemper objects to DuPont's Requests to the extent that they call for the disclosure of information which is not relevant to any claim or defense in this litigation or which is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 2:** All DOCUMENTS RELATING TO the **INSURANCE PROGRAM.**

**ANSWER:**

Kemper objects to Document Request No. 2 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Kemper objects to DuPont's definition of the Insurance Program to the extent it calls for information relating to the Insurance Program from 1984 to the present, particularly as DuPont's own Complaint concedes that the pre-2000 policy years of the Insurance Program are not at issue in this lawsuit. Subject to Kemper's General and Specific Objections, Kemper states that non-privileged documents relating to Kemper's Insurance Program for the 2002-03 Policy Year will be produced.

**DOCUMENT REQUEST NO. 3:** All DOCUMENTS RELATING TO the preparation, approval, issuance, underwriting, placement, negotiation, or sale of the **INSURANCE PROGRAM.**

**ANSWER:**

Kemper objects to Document Request No. 3 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Kemper objects to DuPont's definition of the Insurance Program to the extent it calls for information relating to the Insurance Program from 1984 to the present, particularly as DuPont's own Complaint concedes that the pre-2000 policy years of the Insurance Program are not at issue in this lawsuit. Subject to Kemper's General and Specific Objections, Kemper states that non-privileged documents relating to Kemper's Insurance Program for the 2002-03 Policy Year will be produced.

OF COUNSEL:

David B. Stratton (Del. Bar No. 960)
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Dated:  April 28, 2006

*Randall Lending* (signature)

Michael M. Eidelman
Randall M. Lending
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Attorneys for Defendant
Lumbermens Mutual Casualty Company

- 23 -

CHICAGO/#1494522.3

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 28, 2006, true and correct copies of the foregoing Kemper's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents were served by PDF E-mail and U.S. Mail on:

> John E. James (jjames@potteranderson.com)
> Richard L. Horwitz (rhorwitz@potteranderson.com)
> Potter Anderson & Corroon, LLP
> Hercules Plaza – Sixth Floor
> 1313 North Market Street
> Wilmington, DE 19801
>
>
> Christopher C. French (cfrench@klng.com)
> Scott A Bowan (sbowan@klng.com)
> Kirkpatrick Lockhart Nicholson Graham LLP
> Henry W. Oliver Building
> 535 Smithfield Street
> Pittsburgh, PA 15222

_____
Randall M. Lending