IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. I. du PONT de NEMOURS and COMPANY, ) ) ) Plaintiff, ) v. ) LUMBERMENS MUTUAL CASUALTY COMPANY, ) ) ) Defendant. ) ) ) ) ) ) | C.A. No. 05-699-*** |

### SECOND REVISED SCHEDULING ORDER

This ___ day of _____, 2007, the Court having conducted conferences with the parties on March 23 and March 27, 2007, during which the Court ordered the parties to produce certain additional discovery;

**IT IS ORDERED** that:

1. Discovery

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination. Notwithstanding said limitation, Lumbermens Mutual Casualty Company ("Kemper") is granted leave of Court to conduct a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of an E. I. du Pont de Nemours and Company corporate representative as to Topic Nos. 1, 5, and 8 of Kemper's Second Rule 30(b)(6) deposition notice and Topic Nos. 1-5 of Kemper's Supplemental Rule 30(b)(6) Notice.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      c.    <u>Discovery Cut Off</u>. All previously-served discovery shall be completed by May 31, 2007. No additional discovery may be served without leave of Court.

      d.    <u>Disclosure of Expert Testimony</u>. The parties already have filed their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony. To the extent that any objections to expert testimony are made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.    <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

2. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

3. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter has been referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

4. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 10, 2007. Briefing will be presented pursuant to the Court's Local Rules.

5. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

6. <u>Pretrial Conference</u>. The Final Pretrial Conference that was scheduled in this matter for July 24, 2007, at 4:30 p.m., is postponed until such time as a United States District Judge is assigned to this case and issues an appropriate order. Likewise, the deadline for filing the joint proposed final pretrial order is suspended.

7. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The in *limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such

support or opposition shall be combined in a single five-page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

        8.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

        9.    <u>Trial</u>. The five-day jury trial that had been scheduled to begin in this matter on August 27, 2007, at 9:30 a.m., is postponed until such time as a United States District Judge is assigned to this case and issues an appropriate order.

                                                                                   United States Magistrate Judge

788192/20120-345