# Pepper Hamilton LLP
##### Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

M. Duncan Grant
302.777.6544
grantm@pepperlaw.com

May 29, 2007

Via CM / ECF

Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    E.I. du Pont de Nemours and Company v.
                 Lumbermens Mutual Casualty Co.
                 Civil Action No. 05-699 \*\*\*

Dear Judge Thynge:

       DuPont asks the Court to hold that Kemper has waived the attorney-client privilege as to communications regarding (1) the interpretation of 215 ILCS 5/54(3)(a) (the "Statute") and (2) advice to Kemper's Board of Directors ("Board") as to the exercise of its discretion not to declare a dividend. See March 23, 2007 transcript at 54-57, attached as Exhibit 1.[1]  The "at issue" exception is inapplicable here, because Kemper has not affirmatively introduced or relied upon attorney-client communications themselves to support or establish a claim or defense.  That issue does not need to be reached, however, because the documents that have been the subject of an *in camera* inspection ("Documents") do not fall into either of the categories sought by DuPont.

   A.    **The Documents Do Not Reflect Advice to the Board as to the Statute and Exercise of its Discretion Not to Declare a Dividend.**

       DuPont claims that the attorney client privilege regarding advice to the Board as to the meaning of the Statute or its exercise of discretion has been waived merely because the Board's exercise of discretion is relevant to this lawsuit.  The Board's basis for its February 26, 2004 decision not to declare a dividend, however, has been fully disclosed.  See Ex. 2, at Ex. C thereto (Kemper's Rule 30(b)(6) testimony on the Board's decision:  "[T]he financial situation of Kemper at the time was the primary driver to the board's decision not to declare or pay dividends." Q: Is there anything else?

---

[1] Kemper's initial letter brief examining the at issue exception prior to the March 23, 2007 discovery conference is attached as Exhibit 2.

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Mary Pat Thynge
May 29, 2007
Page 2

"Not that I am aware of."). Consistent with that testimony, none of the Documents contain advice to the Board analyzing the Statute or evaluating the exercise of the Board's discretion whether to issue a dividend.

Kemper's communications with counsel occurring *after* February 26, 2004, which do not recount previously given advice on the exercise of discretion or the Statute, do not pertain to these issues. See document Nos. 4, 6, and 8-11.[2] Similarly, the Documents created *before* the Board's decision do not contain advice with respect to the interpretation of the Statute or the Board's decision not to declare dividends, but rather concern Kemper's decision to proceed with collection of deferred premium and/or the drafting of certain corrective orders under Kemper's run-off plan. See document Nos. 1-3, 5, and 7.

Kemper's decision to proceed with the collection of deferred premiums is not at issue, and the advice Kemper received with respect to that determination is no different than communications identified in DuPont's own privilege log concerning its determination to pursue its claims against Kemper in this lawsuit. In this as in virtually every commercial dispute, a party has sought advice of counsel as to its rights and potential liabilities. The communications in the Documents relating to Kemper's decision to pursue DuPont for collection of its deferred premium obligations are no different from that norm. To the extent, however, that the Court determines that portions of the Documents contain advice to the Board concerning interpretation of the Statute or its decision not to declare a dividend, and the Court concludes the attorney client privilege has been waived as to that limited issue, Kemper requests that only those portions of the Documents which the Court determines pertains to this issue be produced.

    B.    **Kemper Has Not Affirmatively Placed its Attorney-Client Communications At Issue**

Even if any of the privileged communications in the Documents constituted advice to the Board as to the Statute or the exercise of the Board's discretion, they would not be subject to production, because Kemper has not affirmatively placed into issue the communications in which such advice was given. Because DuPont cannot identify any pleading or discovery response in which Kemper affirmatively introduced or relied upon the advice of its counsel as a basis for exercising its discretion, DuPont has been forced to take a different approach, in which it asserts that the privilege has been waived merely because Kemper's communications with counsel may be *relevant to* the

---

[2] See Kemper's revised Privilege log, at Exhibit 3. For ease of reference, the eleven documents are numerically identified as Nos. 1-11.

**Pepper Hamilton LLP**
Attorneys at Law
Honorable Mary Pat Thynge
May 29, 2007
Page 3

Board's determination that dividends should not be issued. There is no authority for a waiver of the privilege on that ground, and to expand the scope of waiver in the absence of affirmative reliance by Kemper upon the privileged communications would eviscerate the protection afforded to attorney-client communications.

      DuPont's mischaracterization of the at issue exception is most apparent in its incorrect description of the holding of Novartis Pharmaceuticals Corp. v. Eon Labs Manuf., Inc., 206 F.R.D. 396 (D. Del. 2002), which it mentioned during the prior discovery conference. See Ex, 1, at pp. 51-53. Neither the facts nor the holding of Novartis applies here. In that case, Novartis brought a claim of willful patent infringement against Eon, which in turn raised *as an affirmative defense against the claim of willfulness* its reliance upon a written opinion of counsel that its conduct was "unlikely" to constitute patent infringement. 206 F.R.D. at 396. Given those facts, of course Eon had to produce the attorney communications upon which it was relying. In contrast, Kemper has never affirmatively introduced its communications with counsel to support any claim or defense. Rather, *DuPont* has attempted to inject the issue into the case, by inaccurately contending that the mere fact that Kemper's Board exercised its discretion in declining to declare a dividend to policyholders must mean that any advice that the Board received from counsel relating to the exercise of such discretion is discoverable.

      DuPont's position has been squarely rejected by the rule that predicates waiver only upon a party's affirmative introduction of and reliance upon communications with its own counsel. See Rhône-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851 (3d Cir. 1994) ("Advice is not in issue merely because it is relevant. . . . The advice of counsel is placed in issue where the client asserts a claim or defense, and *attempts to prove that claim or defense by disclosing or describing an attorney client communication*.") (emphasis added). In Rhône-Poulenc, the insurer sought the disclosure of attorney communications related to whether the insureds knew the danger of their products before procuring coverage, contending that privileged communications relevant to the intent or expectation of the insureds as to coverage for such claims were discoverable. Reversing a finding of waiver, the Third Circuit rejected waiver grounded on mere relevance and instead recognized a bright-line rule in which waiver depends upon a party "interjecting the advice of counsel as an essential element of a claim." Id. at 864.

      Novartis similarly rejected an inferential finding of waiver in the absence of a party's reliance on advice of counsel as a claim or defense. 206 F.R.D. at 398. The express waiver there was self-evident: The defendant pleaded reliance on counsel as an affirmative defense to the claim of willful patent infringement. There is no similar express waiver here. The Kemper Board exercised its discretion in declining to declare

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Mary Pat Thynge
May 29, 2007
Page 4


dividends, and Kemper has acknowledged in corporate-designee testimony that the financial conditions facing it were the basis for that determination. Because Kemper has not claimed or offered evidence that its Board declined to issue dividends because of the advice of counsel, there is no waiver. See Pfizer Inc. v. Warner-Lambert Co., 1999 WL 33236240 (Del. Ch. 1999) (holding privilege was not waived where party did not offer as evidence "its attorneys' advice to the board"). In Pfizer, attorney-client communications were not offered in support of a claimed business judgment rule defense, and because the communications were not used offensively, the privilege was not waived. Just as in Pfizer, the Kemper Board's decision not to declare a dividend is relevant, but the privilege has not been waived, because Kemper has not affirmatively offered the attorney-client communications as a basis for the Board's decision. Because Kemper has not done so, there has not been a waiver of the privilege.

          Respectfully,

          /s/ M. Duncan Grant

          M. Duncan Grant

MDG:dw
Enclosures
cc:   Christopher French, Esq. (w/enc.) – Via CM / ECF
      John E. James, Esq. (w/enc.) – Via CM / ECF