

# Potter
# Anderson
# & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**John E. James**
**Partner**
Attorney at Law
302 984-6018 Direct Phone
302 658-1192 Fax
jjames@potteranderson.com

June 5, 2007

**By CM/ECF and by Hand**

Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: **DuPont v. Lumbermens, D. Del., C.A. No. 05-699-\*\*\***

Dear Judge Thynge:

    We are writing in response to Kemper's May 29, 2007, letter to the Court regarding the "at issue" exception to the attorney-client privilege. Kemper's privilege claims regarding its decision not to issue a so-called "dividend" to DuPont and, consequently, to bill DuPont for what Kemper calls "deferred premium" should be overruled for at least one of three reasons: (1) Kemper has placed the documents at issue; (2) the documents contain business, not legal, advice; or (3) DuPont is entitled to the documents being withheld by Kemper because Lumbermens is a mutual company and DuPont is one of its owners.

A. **Kemper Injected an Issue Into the Litigation Which Requires an Examination of the Documents.**

    Kemper primarily argues in its May 29 letter that "[t]he 'at issue' exception is inapplicable here, because Kemper has not affirmatively introduced or relied upon attorney-client communications themselves to support or establish a claim or defense." Kemper's position misstates Delaware law by ignoring the second of two scenarios under which courts apply the "at issue" doctrine.[1] The correct formulation of the "at issue" exception under Delaware law is as follows:

> [T]he "at issue" exception to the attorney-client privilege . . . applies when the party holding the privilege waives the privilege, traditionally in one of two basic ways: (1) the party injects the communications themselves into the litigation, *or* (2) the party

---

[1] The three cases cited by Kemper in its May 29 letter are inapposite to this case. First, Kemper's attack of DuPont's purported "mischaracterization" of the holding of *Novartis Pharmaceuticals Corp. v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 396 (D. Del. 2002), is unfounded. DuPont did not cite *Novartis* in its March 21 letter or during the March 23 telephone conference. Rather, it was the Court that cited *Novartis* as an example of a Delaware court finding subject matter wavier. Second, Kemper cites *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851 (3d Cir. 1994), in support of its view of the "at issue" exception to the attorney-client privilege without mentioning that *Rhone-Poulenc* construed Pennsylvania law. There is ample Delaware case law on the "at issue" exception such that it is unnecessary to look to other jurisdictions for guidance. Third, Kemper's reliance on *Pfizer Inc. v. Warner-Lambert Co.*, Civ. A. No. 17524, 1999 WL 33236240 (Del. Ch. Dec. 8, 1999), is also misplaced for the reasons discussed in DuPont's March 21 letter.

> injects an issue into the litigation, the truthful resolution of which requires an examination of the confidential communications.

*Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 623 A.2d 1118, 1125 (Del. Super. Ct. 1992) (emphasis added).

Regardless of whether Kemper "inject[ed] the **communications** themselves into the litigation," the at-issue exception still applies here because Kemper has "inject[ed] an *issue* into the litigation, the truthful resolution of which requires an examination of the confidential communications." *Id.* (emphasis added). The issue injected by Kemper is its contention that DuPont is not due a "dividend." Specifically, Kemper asserted in written discovery responses and in deposition testimony that Kemper did not credit DuPont with a "dividend" because Kemper's board exercised its discretion not to declare dividends and because it was precluded from declaring dividends under Illinois law. DuPont sought documents supporting Kemper's position,[2] but Kemper produced only a two-page, largely-redacted, excerpt from board meeting minutes[3] and has asserted the attorney-client privilege over all other documents relating to its decision not to declare a "dividend." In so doing, Kemper seeks to conceal the true reasons for not declaring a "dividend" by hiding behind the privilege. That is precisely the type of conduct that the second part of the "at issue" exception is designed to guard against.

In explaining the rationale for the "at issue" exception, the Delaware Supreme Court has stated that "[t]he courts of this State have refused to allow a party to make bare, factual allegations, the veracity of which are central to resolution of the parties' dispute, and then assert the attorney-client privilege as a barrier to prevent a full understanding of the facts disclosed." *Tackett v. State Farm Fire & Cas. Ins. Co.*, 653 A.2d 254, 259 (Del. 1995). Kemper has injected into this litigation the role of its board's "discretion" and the applicability of certain Illinois statutes, but has then sought to conceal the documents necessary for DuPont to test the veracity of Kemper's contentions. Rather than permitting Kemper to use the privilege as both a sword and a shield, Kemper should be compelled to produce the documents supporting its positions as required by the "at issue" exception to the attorney-client privilege.

B.   **The Documents Withheld by Kemper are Not Privileged Because They Reflect Business, Rather Than Legal, Advice.**

Alternatively, DuPont is entitled to the production of Kemper's "privileged" documents because such documents reflect business, not legal, advice. Kemper's position as to why it did not declare a "dividend" to DuPont has changed throughout this litigation. In sworn interrogatory responses, Kemper asserted that DuPont was not credited with a "dividend" "pursuant to Section 215 ILCS 5/54 of the Illinois Insurance Code and the Board of Directors' determination, in accordance with said provision *and* the discretionary authority reserved for the Board under the Insurance Program . . . ."[4] Similarly, Kemper's corporate designee, when asked if Kemper's decision not to issue the "dividend" was based upon the statute or upon the board's discretion or a combination of both, replied, "I would say it's a combination of both."[5] Yet that same witness also testified that "the

---

[2] *See* Doc. Req. No. 19 in Exhibit 1 to DuPont's letter to the Court dated March 21, 2007.
[3] *See* Exhibit B to Kemper's letter to the Court dated March 22, 2007, at KEMPER37871-72.
[4] *See* Kemper's response to Interrogatory No. 8 at Exhibit 4 to DuPont's letter to the Court dated March 21, 2007. (emphasis added.)
[5] *See* Transcript of Deposition of John McGregor, dated September 29, 2006 ("McGregor Depo."), at 47 (attached as Exhibit 1).

The Honorable Mary Pat Thynge
Page 3
June 5, 2007

financial situation of Kemper at the time was the primary driver to the board's decision not to declare or pay dividends."[6]

In its May 29 letter, Kemper ignores its own interrogatory responses and much of its corporate designee's testimony by quoting only the latter portion of its designee's testimony, *i.e.*, that Kemper's "financial situation . . . was the primary driver to the board's decision not to declare or pay dividends." Nonetheless, if the Court were to consider only Kemper's most recent position on this issue as set forth in Kemper's May 29 letter -- that its board's decision was a "financial" one -- then Kemper's decision not to declare a "dividend" was even more clearly a business decision and communications relating to that decision are not privileged even if lawyers were involved.[7]

Under Delaware law, the only privileged communications between an attorney and his client are those made in the attorney's professional capacity as a lawyer. *See United States v. Vehicular Parking, Ltd.*, 52 F. Supp. 751, 753 (D. Del. 1943). The privilege is not applicable when "the communications in question indicate [the attorney] was advising on matters of business." *Id. See also Cascella v. GDV, Inc.*, No. Civ. A. 5899, 1979 WL 175245, at *2 (Del. Ch. Sept. 13, 1979) (citing *Vehicular Parking* for the "proposition that business advice rendered by an attorney is not a communication falling within the protection of the attorney-client privilege") (attached as Exhibit 2). The Delaware Court of Chancery has further explained:

> [T]he presence of a lawyer at a business meeting called to consider a problem that has legal implications does not itself shield the communications that occur at that meeting from discovery . . . . What are protected are ***communications to a lawyer by or on behalf of a client for the purpose of the rendition of legal services or lawyer statements constituting legal services***. The discussions that occur at our hypothetical corporate meeting are discussions among a body of persons for the purpose of formulating an appropriate business strategy. As such they are, in a sense, ultimately disclosures for the benefit of the responsible business decision-maker. Legal considerations may, of course, play a part in the formulation of a business policy or strategy, but unless the claimant of a privilege can specifically identify a disclosure made specifically to a lawyer for the purpose of assisting in the rendition of legal services (and not made at the meeting for purposes of business strategy), the fact that a lawyer gave incidental (or important) advice in the course of such a meeting does not protect from disclosure statements made at the meeting.

*SICPA Holdings S.A. v. Optical Coating Lab., Inc.*, Civ. A. No. 15129, 1996 WL 577143, at *2 (Del. Ch. Sept. 23, 1996) (emphasis in original).[8]

Kemper currently contends that its board exercised its "discretion" and decided that "a company in our financial situation just simply should not be declaring or paying dividends."[9] If true, that is a business solution (stop crediting "dividends") to a business problem (Kemper's declining financial condition). Thus, the advice relating to that decision, even if it came from lawyers, was business advice and is not protected by the attorney-client privilege in Delaware.

---

[6] *Id.* at 71.
[7] *See* DuPont's letter to the Court dated March 21, 2007, at 3.
[8] Attached as Exhibit 7 to DuPont's letter to the Court dated March 21, 2007.
[9] *See* McGregor Depo. at 70 (attached as Exhibit 1).

The Honorable Mary Pat Thynge
Page 4
June 5, 2007

### C. DuPont Is Entitled to the Documents Because Lumbermens Is a Mutual Company.

Finally, even if Kemper were able to convince the Court that (1) the "at issue" exception does not apply, and (2) the documents before the Court reflect legal, rather than business, advice, Kemper still would not have established that it is entitled to withhold those documents. That is because the privilege "is not absolute and, if the legal advice relates to a matter which becomes the subject of a suit by a shareholder against the corporation, the invocation of the privilege may be restricted or denied entirely." *Zirn v. VLI Corp.*, 621 A.2d 773, 781 (Del. 1993).

In a stockholder suit, a corporation that establishes the existence of the attorney-client privilege may nonetheless be required to produce those documents where the stockholder shows "good cause" why the privilege should not attach. *See Deutsch v. Cogan*, 580 A.2d 100, 107 (Del. Ch. 1990). Among the factors established by the stockholder in Deutsch that convinced the Court that there was good cause to compel disclosure of the disputed documents were "(1) the existence of obviously colorable claims by the shareholders; (2) the necessity or desirability of the shareholders having the information and the lack of availability of it from other sources; (3) the fact that the documents sought are clearly identified and the plaintiffs are not blindly 'fishing'; and (4) the low risk of revealing trade secrets or other confidential information that the corporation has an interest in for independent reasons." *Id.* at 108.

In this case, such reasoning is even more compelling. Mutual insurance companies such as Lumbermens are owned by their policyholders such as DuPont, just as stock companies (including stock insurance companies) are owned by their shareholders. The defendant in this case, Lumbermens Mutual Casualty Company, is a mutual company and DuPont is one of its policyholder-owners. Further, DuPont has established "good cause" for why the privilege should not attach to the documents withheld by Kemper: DuPont's claim is obviously colorable. The information sought by DuPont is not available from other sources -- indeed, Kemper has represented that there are no other sources.[10] The documents sought are identified on Kemper's privilege log, thus DuPont is not blindly fishing for documents. And there is little to no risk that trade secrets or other confidential information will be revealed, particularly in view of the confidentiality agreement between the parties which was entered as an order of this Court.[11] Accordingly, even if Kemper could overcome the first two hurdles to its privilege claim, then the Court should find that Kemper's assertion of attorney-client privilege as to the documents on its log nonetheless fails because it cannot avoid this final obstacle.

Respectfully submitted,

John E. James

JEJ/cml
Enclosures
799494/20120-345
cc:   Peter T. Dalleo, Clerk of Court (by CM/ECF)
      Randall M. Lending, Esquire (by e-mail)
      M. Duncan Grant, Esquire (by CM/ECF)
      Christopher C. French, Esquire (by e-mail)

---

[10] *See* Certification of Jack M. McGregor dated April 9, 2007 (attached as Exhibit 3).
[11] *See* Confidentiality Stipulation and Protective Order dated May 12, 2006 (Docket Entry # 60).